# N. Y. COMMON PLEAS.

## HENRY CASSIDY agt. WILLIAM LEETCH.

*Foreign judgment on service of process at defendant's domicile in defendant's absence — Manner of serving process regulated by every country for itself — Answer.*

Action brought upon a Louisiana judgment obtained in 1869 upon an attachment of defendant's real property, the "citation," *i. e.*, summons, having been served at the defendant's domicile in defendant's absence. The answer here set up: First. A general denial of the judgment (on information and belief). Second. Lack of personal service of process on defendant. Third. That defendant never appeared in person or by attorney in the Louisiana action, nor litigated nor defended the same either in person or by attorney, nor did he have any knowledge of the Louisiana suit until long after the judgment. Fourth. *Nihil debet.*

*Held,* that the answer, as a plea in .bar, is fatally defective. In order to make the answer sufficient, there should have been added to it allegations showing that the defendant was not domiciled in Louisiana or subject to the laws of that state, or that the judgment is not binding there, or that it is contrary to natural justice.

A foreign judgment rendered against a citizen of the state in which it is pronounced, stands on a very different footing from a foreign judgment against one who owed no allegiance to, and was not subject to the jurisdiction of the state in which it was rendered.

*Trial Term, March,* 1877.

THE admitted facts as to the citizenship and residence of the parties appear in the opinion. Judgment in the Louisiana action was first taken by default for want of an answer. According to the judgment record (in evidence) an answer was afterwards interposed on behalf of the defendant and the default opened by an attorney and a trial had, or inquest taken, and final judgment rendered for the plaintiff. The

attorney who appeared for the defendant (one J. C. Coleman) was the husband of the defendant's neice, and in his first deposition in the present suit, taken on behalf of the plaintiff, this attorney contradicted the Louisiana judgment record and testified that he never appeared in that action at all, and was never requested to do so by the defendant. On a supplementary commission, taken to enable him to correct his previous testimony, Coleman testified, that having been shown a paper purporting to be a certified copy of an answer interposed by him in the cause, he now thought that he must have appeared therein, and, further, that he was requested by Mrs. Leetch (the defendant's wife) to examine the notes, or due bills, sued on and see if they were correct, but was not requested by Leetch nor authorized to appear. Later on, in the same supplementary deposition, in answer to a question whether he ever actually appeared in the cause, he says : " I have no recollection of such appearance, and I don't believe I ever did." Defendant testified that he never employed, nor authorized nor knew of the employment of, any attorney in the Louisiana action until long afterwards ; that he owed plaintiff nothing and never signed the notes, or due bills sued on in Louisiana.

*W. G. Peckham, Jr.*, for plaintiff.

The judgment record proves that service of the citation was made in accordance with the laws of Louisiana, and in a manner to give the court full jurisdiction to render a general judgment, *in personam*, against the defendant (*La. Code of Practice, sec.* 189 *to* 190, *inc. ; Maxwell* agt. *Collins*, 6 *Robinson* [*La.*], *R.*, 86 ; *Williams* agt. *Kimball*, 8 *Martin* [*N. S.*], 352). This attachment was not a proceeding *in rem.* Under such an attachment in Louisiana the plaintiff may obtain a general judgment *in personam* (*Hill* agt. *Barman*, 14 *La.*, 447). The judgment and *fi. fa.* were general and not *in rem* and directed against all the defendant's property — not merely that attached. The Louisiana court must be presumed to have

Cassidy agt. Leetch.

known its powers and to have exercised them properly (*Porter* agt. *Merchants' Bank*, 28 *N. Y.*, 653 ; *Atkinson* agt. *Taylor*, *U. S. Dist. Ct.* [*Crabbe*], 551). The defendant appeared in Louisiana by a responsible attorney, as appears by the record of judgment, which record he and the attorney cannot here impeach. Defendant has for seven years had a remedy to proceed against the unauthorized attorney or to move the Louisiana courts therein by his proper course (*Field* agt. *Gibbs*, *Peters' Cir. Ct.*, 155 ; *Brown* agt. *Nichols*, 42 *N. Y.*, 26). Defendant's counsel relies largely upon rulings in this state as to foreign judgments of divorces obtained generally by citizens of this state who temporarily removed elsewhere, and whose divorces thus obtained were afterwards brought in question here. Our courts have certainly held, as to such foreign judgments, that acts thus sought to be done elsewhere, *in fraudum legis* (of our law), cannot later be used as the basis of legal proceeding in this state whose laws were sought to be evaded by its citizens (*See defendant's cases*).

*Abbett & Fuller*, for defendant.

The courts of this state will not respect this judgment because the citation (that is, summons) was not served upon the defendant *in propria persona*, because the defendant was not represented in the action by an attorney. The attorney's appearance, if he appeared, was unauthorized, and the defendant was in Texas and had no notice of the suit nor opportunity to defend, citing *Kerr* agt. *Kerr* (41 *N. Y.*, 278) ; *Holmes* agt. *Holmes* (4 *Lansing*, 388) ; *Phelps* agt. *Baker* (41 *How. Pr.*, 237), and *Thompson* agt. *Whitman* (18 *Wall.*, 457), and other cases.

VAN HOESEN, *J.* — This action is founded upon a judgment recovered in the state of Louisiana. The Louisiana suit was begun and judgment rendered therein in the year 1869. At the commencement of the suit, and for some time prior, as well as subsequent thereto, the defendant was domiciled at the corner of Rampart and Terpischore streets, in the

city of New Orleans. He was absent from home when the suit was begun, and the citation and the petition (papers which correspond to the summons and the complaint of our New York practice) were served upon him by the sheriff leaving a copy of them at the domicile of the defendant,. with his (the defendant's) wife, who was a white person above the age of fourteen years, and who dwelt in the same domicile with said defendant.

The return of the sheriff is in strict conformity with the law of Louisiana, as expounded by the courts of that state (*Secs.* 189, 190, 201, *Code of Practice; Kendrick* agt. *Kendrick,* 19 *Louis.,* 38).

The defendant, as has been said, was domiciled in Louisiana, and owed allegiance to that state and submission to its laws.

The manner of serving process must necessarily be regulated by every country for itself; and if a state permits process to be served upon one of its own citizens by the leaving of it, in his absence, at his domicile with an adult member of his household, that method of service is not so repugnant to the principles of natural justice that a foreign tribunal should refuse to recognize it and treat a sentence founded on it as a nullity (3· *Burge's Foreign and Colonial Law,* 1056).

A foreign judgment rendered against a citizen of the state in which it was pronounced stands on a very different footing from a foreign judgment against one who owed no allegiance to, and was not subject to, the jurisdiction of the state in which it was rendered. The distinction is perfectly well settled.

In the case of *Duflor* agt. *Burlingham* (34 *Law Times Reports,* 688) the defendant, in an action on a French judgment, pleaded, as the defendant pleads in this suit, that he was not served with process, nor had he notice of the alleged action in France or the opportunity of defending himself according to the rules and practice of the French courts. The plea was held bad by the court of queen's bench, because

Cassidy agt. Leetch.

it did not show that the defendant was not a Frenchman, nor domiciled in France.

In *Marbouquet* agt. *Wise* (1 *Irish Reports* [*Common Law Series*], *p.* 471), in an action on a French judgment, the defendant pleaded that he was absent from France at the beginning and during the entire progress of the French suit; that he was never served with a summons, and that he had no notice or knowledge of the suit or any of its proceedings. The court pronounced the plea to be bad because the defendant might have been resident in France or might have had property there, or might, through an agent, have been served with process.

In *Cowan* agt. *Braidwood* (1 *Mc & G.*, 882) the defendant pleaded to an action on a Scotch judgment that he was not within the jurisdiction of the Scotch court at the commencement of the action, nor afterwards. Nor did he know of the proceedings, or any of them, so that he could employ an attorney; nor did he appear. The plea was held bad, TINDAL, Ch. J., saying that the plea ought to have alleged that the defendant was not a resident of Scotland, or that he was not subject to the laws of that country, or that he had no property in Scotland. MANLI, J., said that the defendant ought to have alleged that the Scotch judgment was not binding in Scotland, or that it was against natural justice.

To the same effect is *Vallie* agt. *Dennergus* (4 *Ex.*, 290). In order to make the answer in this case sufficient, there should be added to it allegations showing that the defendant was not domiciled in Louisiana, or subject to the laws of that state, or that the judgment is not binding there, or that it is contrary to natural justice. As a plea in bar the answer is fatally defective.

It appears affirmatively in this case that the defendant was a resident of Louisiana and the owner of property in that state at the time the Louisiana action was instituted. His family dwelt in New Orleans where the action was brought. It is difficult to see the ground on which the judgment,

though taken by default, should be held invalid by the courts of this state. It was agreed at the trial that the codes of Louisiana should be received as evidence in the case. Tested by the Code of Practice and the decisions of the Louisiana courts, the service of process was sufficient (*Code of Practice, secs.* 189, 190 *and* 201; *Kendrick* agt. *Kendrick,* 19 *Louis.*, 38).

The only doubt that can be raised is as to whether a *curator ad hoc* ought not to have been appointed before the default was entered against Leetch. Section 56 of the Civil Code provides, that if a suit be instituted against an absentee who had no known agent in the state, the judge before whom the suit is pending shall appoint a *curator ad hoc* to defend the absentee in the suit.

Leetch was, it appears, an absentee, and if he had not been represented in the suit by an attorney at law the court would, doubtless, have required that a *curator ad hoc* should be appointed. But even if that step had been omitted the court would not, I think, have been ousted of its jurisdiction over the defendant. It is unnecessary, however, to discuss that question, because I am satisfied that the defendant did appear in the Louisiana action and that Mr. Coleman interposed an answer in that suit for the defendant communicated to him through the defendant's wife.

The testimony of the defendant seems to me to amount to nothing more than a denial of any recollection of having employed an attorney in the action.

The authority of the attorney must be presumed until it is disproved (*Hays* agt. *Curry,* 9 *Martin,* 88; *Dangerfield* agt. *Thurston,* 8 *N. S.,* 234; *Curry* agt. *Brenham,* 1 *La. Ann.,* 398).

A mere want of recollection ought not to be permitted to overthrow a presumption founded upon the weightiest consideration of public policy.

The testimony of Coleman tends to show that he was restrained by Mrs. Leetch. The citation was served upon

Cassidy agt. Leetch.

her on the 17th day of August, 1869. On the second day of November following the default of the defendant was entered. On the fifth day of November Mr. Coleman appeared in the action, obtained an order setting aside the default and filed his answer. On the seventeenth day of November the plaintiff filed a supplemental petition, and a citation issued upon the supplemental petition was, on the 17th day of November, 1869, served on the daughter of the defendant. On the 20th day of December, 1869, a copy of the judgment was served on the wife of the defendant. Coleman married the niece of Mrs. Leetch. It seems very improbable that he officiously meddled with the suit and appeared without any request to do so. Mrs. Leetch certainly knew of the suit. Two months and a-half elapsed between the service of the citation on Mrs. Leetch and the appearance of Mr. Coleman in the action. Ample time was given to communicate with the defendant, and it is natural to infer that Mrs. Leetch did inform her husband of the commencement of the action. After reading the testimony of the defendant no surprise will be felt at his omission to contest the plaintiff's claim. I think judgment should be rendered in favor of the plaintiff for the sum claimed in the complaint.

Verdict for plaintiff, $9,107.89.