SMITH and another, Appellants, vs. GRADY, Executor, etc., Respondent.

*January 15 — February 1, 1887.*

*(1) Foreign judgment: Jurisdiction: Personal service of process in another county.   (2) Estates of decedents: Extending time to present claims: Abuse of discretion.*

1. Jurisdiction of the person of a party cannot be acquired by the service of process outside of the territorial limits of the government where the court sits, even though such party be a subject of such government, and the cause of action arose within its limits, and its laws have authorized such service and a personal judgment founded thereon.
2. A claim against a decedent based upon a foreign judgment was disallowed on the ground that such judgment was void for want of jurisdiction.   *Held,* that upon application made thereafter in due time the county court should have extended the time for presenting claims, so as to allow a claim to be presented based upon the original demand upon which such judgment was founded.

APPEALS from the Circuit Court for *Chippewa* County.

The plaintiffs duly presented to the Chippewa county court, for allowance, their verified claim against the estate of Patrick O'Donnel, the defendant's testator, founded upon a judgment recovered by them in the county court of the county of Peterborough, in the province of Ontario and dominion of Canada, against the testator in his life-time. The Chippewa county court disallowed the claim, whereupon the plaintiffs appealed to the circuit court. The circuit court also disallowed it, and from the judgment of disallowance the plaintiffs have appealed to this court.

A duly exemplified copy of the judgment roll in the Ontario court, including the judgment, was offered in evidence by the plaintiffs, from which it appears that the action, which was commenced by a writ of summons, was a personal action against the defendant for services as solicitors alleged to have been rendered him in Ontario by the plaintiffs; that the only service of such process upon the testator was made upon him personally in the county of Chippewa in this state, and that he made no appearance to the action. It also sufficiently appears, by a stipulation of facts made in the case and otherwise, that the testator resided in Ontario and was a subject of Great Britain when he became indebted to the plaintiffs; that he continued such subject until his death; that he was not a resident of Ontario and had no property therein when process was served upon him, or afterwards; that all the proceedings in the Ontario action, including the service of process in this state, are regular under the laws of Ontario, and that the judgment is authorized by such laws; also that the Peterborough county court is a court of record having jurisdiction of such actions.

The second appeal herein is from an order of the circuit court affirming an order of the county court denying the application of the plaintiffs for an extension of time to present, as a claim against the estate of the testator, the original

demand of the plaintiffs, which is the basis of the Ontario judgment. This application was made after the order of the county court disallowing the judgment as a claim against the estate had been appealed to the circuit court, and while the matter was pending in that court.

. For the appellants there were briefs by *Cole & Sleight*, and oral argument by *Mr. Cole*. To the point that constructive service or any service upon a citizen in the method laid down by the laws of the state or country of which he is a citizen, is good against him, gives jurisdiction of his person, and a judgment entered against him thereon can be recovered on, even in another state or foreign country, they cited Freeman on Judgments (3d ed.), secs. 588, 589, 590; *Schibsby v. Westenholz*, L. R. 6 Q. B. 155; *Warrener v. Kingsmill*, 8 U. C. Q. B. 407; *Burn v. Bletcher*, 23 id. 28; *Roussillon v. Roussillon*, 11 Cent. L. J. 270; *Copin v. Adamson*, 10 Eng. (Moak), 492; *S. C.* 3 Cent. L. J. 208; *Cassidy v. Leetch*, 2 Abb. N. C. 316; *Huntley v. Baker*, 33 Hun, 578; *Stockwell v. McCracken*, 109 Mass. 86; Story's Confl. of Laws (8th ed.), 3, 809; *Reynolds v. Fenton*, 3 C. B. 187; *Becquet v. MacCarthy*, 2 Barn. & A. 951, 958; *Cavan v. Stewart*, 1 Starkie, 525; *Maubourquet v. Wyse*, 1 Ir. Rep. 471; *Douglas v. Forrest*, 4 Bing. 686; *Cowan v. Braidwood*, 9 Dowl. 27; 39 Eng. C. L. 694; *Gauthier v. Blight*, 5 U. C. C. P. 122; *Bank of Australasia v. Nias*, 16 Q. B. 717; *Bank of Australasia v. Harding*, 9 C. B. 661; *Vallee v. Dumergue*, 4 Exch. 290; *La Fayette Ins. Co. v. French*, 18 How. 404; *Gibbs v. Queen's Ins. Co.* 63 N. Y. 114, 122, 127; *Hunt v. Hunt*, 72 id. 217, 237; *Godard v. Gray*, L. R. 6 Q. B. 139, 148; *McEwan v. Zimmer*, 38 Mich. 765; *Henderson v. Staniford*, 105 Mass. 504; *Hunt v. Lyle*, 8 Yerg. 142–4; *Gillespie v. Comm. Mut. M. Ins. Co.* 12 Gray, 201; *Morrison v. Underwood*, 5 Cush. 52.

For the respondent there were briefs by *Anderson & Bowe*, and oral argument by *Mr. Bowe*. To the point that

the service of a summons outside of the territory where it is issued is simply a void proceeding so far as giving jurisdiction to render a judgment *in personam* is concerned, and that this rule is not altered by any consideration of the citizenship of the party to whom it is directed, or of the cause of action intended to be based upon it, they cited *McEwan v. Zimmer*, 38 Mich. 765; Story's Confl. of Laws, sec. 539; Wharton's Confl. of Laws, sec. 712; *Hall v. Williams*, 6 Pick. 232; *Fenton v. Garlick*, 8 Johns. 193; *Robinson v. Ward's Ex'rs*, id. 86; *Kilburn v. Woodworth*, 5 id. 37; *Peck v. Cook*, 41 Barb. 549; *Pawling v. Bird's Ex'rs*, 13 Johns. 193; *Noyes v. Butler*, 6 Barb. 615; *Jarvis v. Barrett*, 14 Wis. 594.

Lyon, J. I. The only question which the first appeal herein presents for determination is, Did the service of process in this state upon Patrick O'Donnel, the defendant's testator, give the Ontario court jurisdiction of his person, so as to make valid its personal judgment against him, based entirely upon such service? Whatever validity such judgment may have in Ontario or Canada under the laws of that province or dominion, in this country the authorities are very uniform that a personal judgment, founded alone upon service of process in another state or foreign country, is void. Many of the cases which so hold are cited in the brief of counsel for the defendant. Of these, *McEwan v. Zimmer*, 38 Mich. 765, is worthy of special notice. See, also, *Bischoff v. Wethered*, 9 Wall. 812.

But it is not necessary to look elsewhere for doctrine or authority on this question, for this court ruled upon the subject many years ago, in *Jarvis v. Barrett*, 14 Wis. 591. The question was there settled, and further discussion of it foreclosed, in the following terms: "It is a universally acknowledged principle that jurisdiction cannot be acquired or exercised over persons or property without the territorial

limits of the government where the court sits, and that the legislature possesses no power to grant it. It can only be obtained of persons and property within the territory so as to be subjected to the process of the court. Jurisdiction of a defendant cannot be acquired so as to bind him *personally*, except by his voluntary appearance, or by due service of process within the state; and service out of the state is utterly nugatory and void for that purpose."

The claim against the estate of the testator being upon the void judgment alone, it was properly disallowed both by the county and circuit courts.

*By the Court.*— The judgment of the circuit court is affirmed.

II. On the second appeal but little need be said. The plaintiffs (or, what is the same thing, their attorneys) seem to have had great faith in the validity of the Ontario judgment, and have pursued their claim thereon against the estate of O'Donnel with great diligence and vigor until the present time. We do not think it should be regarded as unpardonable laches on their part that they failed to file a claim founded upon the original demand before the time limited by the court in the first instance for the presentation of claims, had expired. It would be an anomaly were a claimant to present together a claim against an estate on a simple contract debt, and one on a judgment for such debt. It is only after the judgment is declared invalid that the creditor can properly proceed upon the original demand. And he is not justly subject to punishment or censure if he brings the question of the validity of his judgment to this court for final determination.

Within due time after the county-court held the Ontario judgment invalid, the plaintiffs made their application to that court to extend the time for creditors to present claims against the estate, to the end that they might present a claim based upon their original demand against O'Donnel.

We see no good reason why the application was not granted. It is equitable and just that the plaintiffs should have the relief prayed, and in refusing it we think the county court went beyond the limits of a sound and just discretion.

For these reasons the order of the circuit court appealed from must be reversed, with directions to that court to reverse the order of the county court denying the application for an extension of time to present claims against the estate of O'Donnel, and to direct that court to give the plaintiffs an opportunity so to present their claim.

*By the Court.*— It is so ordered.

See note to this case in 31 N. W. Rep. 478.— REP.

