GUSTAVUS SHEPARD, Appellant, *v.* REUBEN G. WRIGHT, Respondent.

In an action upon a personal judgment of a Canada court the complaint alleged, as the ground of jurisdiction, that defendant appeared in the action.  The answer denied this allegation and affirmatively alleged that the court had no jurisdiction to render the judgment, as defendant neither appeared in the action nor was served with process.   Upon the trial plaintiff introduced the judgment record, which showed on its face that the service was made upon defendant at his residence within this state. *Held*, that the service was ineffectual to give the judgment validity here if defendant was not a citizen of Canada or domiciled within that jurisdiction; that defendant's place of residence is to be presumed his domicile, and nothing having been shown to rebut that presumption, the service was ineffectual and the judgment had no validity here.

No rule of comity requires this court to give effect to a personal judgment rendered under a foreign law where, on the face of the record, it appears that jurisdiction of the person of the defendant was not obtained.

Reported below, 35 Hun, 444.

(Submitted April 23, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 4, 1885, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term. This action was upon an alleged judgment.

The material facts are stated in the opinion.

*G. W. Cotterill* for appellant. In declaring upon a judgment of a court of general jurisdiction, whether domestic or foreign, it is and was only necessary to allege generally that the plaintiff impleaded the defendant, and by the consideration of the court recovered judgment. It is not necessary to aver even that the court had jurisdiction. The presumption is conclusive that all the requisite prior proceedings were had, until the contrary appears. (Chitty on Pleading, 354 ; *Biddle* v. *Wilkins*, 1 Peters, 686 ; Freeman on Judgments, §§ 132, 452, 453 ; *Shumway* v. *Stillman*, 4 Cow. 296 ; *Foot* v. *Stevens*, 17 Wend. 486 ; *Stockwell* v. *McCracken*, 109 Mass. 86 ; *Wheeler* v. *Raymond*, 8 Cow. 311 ; 1 Kent's Com. 261, note ; *Cowen* v. *Braidwood*, 9 Dowl. Pr. Cas. 33.) The defendant should have alleged and proved that he was not a citizen of Canada, nor domiciled there, nor amenable to its laws during any period of time between the commencement of the action and the rendition of the judgment. (*Huntley* v. *Barker*, 33 Hun, 578, 581, 582.) Two things must concur to constitute domicile, first, residence ; and, secondly, the intention of making it the home of the party. (Story on Conflict of Laws, § 44.) The claim upon which this judgment is based should be enforced *ex comitate* and *ex necessitate* as a judgment *prima facie*, leaving the defendant to answer on the merits. (*Hendrick* v. *Whittlemore*, 105 Mass. 29 ; *Henderson* v. *Staniford*, Id. 506 ; *Merwin* v. *Kneubel*, 23 Wend. 293 ; *Baxter* v. *Drake*, 85 N. Y. 504.) The alleged doctrine that

service of process is confined to state lines, if it ever existed, is opposed to principle, practice and progress. (Bigelow on Estoppel [2d. ed.] 224; *Moore* v. *Wayne*, 18 Rep. 760; *Holmes* v. *Remsen*, 4 Johns. Ch. 460; *Embree* v. *Hanna*, 5 Johns. 101; Code, §§ 435, 436.) Where a citizen of New York purchases, occupies and enjoys real estate in Canada, and does not pay for it, a judgment obtained against him by service in this state should be *prima facie* evidence of his liability, leaving him to plead or make proof to the merits in the courts of this state. (*Cowen* v. *Braidwood*, 1 M. & G. 882; *Manbouquet* v. *Wyse*, 1 Irish Rep., C. L. S. 471; *Taylor* v. *Bryden*, 8 Johns. 173; *King* v. *Gilder*, 1 D. Chip. 345; *Lewis* v. *Westcott*, 26 N. Y. 147.)

*Luther R. Marsh* for respondent. The Canadian judgment sued on not having been obtained upon any service of process on the defendant in the dominion of Canada, or upon any voluntary appearance therein by the defendant, was not a judgment upon which an action could be maintained in the state of New York. (*Gibbs* v. *Q. Ins. Co.*, 63 N. Y. 114, 124; *Schwinger* v. *Hickok*, 53 id. 280; *Freeman* v. *Alderson*, 119 U. S. 185, 186; *Cooper* v. *Reynolds*, 10 Wall. 368; *Pennoyer* v. *Neff*, 95 U. S. 714, 723.) If the record of a judgment of a court of a sister state omits a statement of facts necessary to give the court jurisdiction of the person of the defendant, and it is sought to be enforced in this state by an action founded upon it, no credit can be given to such judgment, and it will be regarded as a nullity. (*Noyes* v. *Butler*, 6 Barb. 607, 617; *Anderson* v. *Haddon*, 33 Hun, 438, 439, 441.) Comity has never been stretched so far as to recognize a foreign judgment as a personal one, where the court rendering it never had any jurisdiction of the person of the defendant. (*Pennoyer* v. *Neff*, 95 U. S. 714.)

FINCH, J. The judgment upon which this action was brought appears to have been rendered in the dominion of Canada by the Court of Chancery for Ontario, and is a personal judgment

against the defendant. The record shows that he did not appear in the action, and discloses as the ground of jurisdiction over his person the service of process upon him at his place of residence in this state. It is beyond question that such service was ineffectual to give the judgment validity here if the defendant was not a citizen of Canada or domiciled within that jurisdiction. (*Schwinger* v. *Hickok*, 53 N. Y. 280; *Gibbs* v. *Queen Ins. Co.*, 63 id. 114; *Pennoyer* v. *Neff*, 95 U. S. 714; *Freeman* v. *Alderson*, 119 id. 185.) The contention of the appellant is that the Court of Chancery for Ontario was shown to be a court of general jurisdiction whose judgment stood presumptively valid until some defect was shown, and the defendant should have alleged and proved that he was not a citizen of Canada when the service was made nor domiciled there. The question thus becomes one of pleading and proof. The complaint alleged as the ground of jurisdiction by the Canadian court that the defendant appeared in the action and averred no other. The answer of the defendant denied this allegation, and affirmatively alleged that the Canadian court had no jurisdiction to render the judgment against him, because he neither appeared in the action nor was process served upon him in Canada. When this issue came to trial the plaintiff introduced the record, and that showed on its face that the service was made upon the defendant at his residence within this state. But, argues the plaintiff, there is a difference between residence and domicile, and the defendant, although residing in this state, may have had his domicile in and have been a citizen of the Dominion. Assuming that there may be such a difference, yet the place of residence is the domicile, unless something is shown to vary the ordinary and general rule. Here the record shows residence in this state at the date of the service. That residence is also to be deemed the domicile until some facts are shown to negative the inference. None such appeared, and we cannot presume or imagine them in the face of the fact shown, from which the natural inference is that the defendant's domicile was in this

state within which he resided. No rule of comity requires us to give effect to a personal judgment rendered under a foreign law where, on the face of the record, it appears that jurisdiction of the person was not obtained.

The judgment was right and should be affirmed, with costs. All concur.

Judgment affirmed.