OUSELEY v. LEHIGH VALLEY TRUST & SAFE-DEPOSIT CO.

(Circuit Court, E. D. Pennsylvania. November 23, 1897.)

No. 62.

1. FOREIGN JUDGMENTS—VALIDITY.

A default judgment between citizens of a foreign country, rendered by a court of that country having general jurisdiction and jurisdiction of the subject-matter, is valid and enforceable here, though the defendants, being out of that country at the time, were not personally served.

2. SAME—SUIT ON JUDGMENT—PARTIES.

Quære: Whether the assignee of a foreign judgment can sue thereon in his own name.

This was an action of assumpsit, brought by Frederick Arthur Gore Ouseley, in his own name, against the Lehigh Valley Trust & Safe-Deposit Company, as executor of Amable B. Bonneville, deceased. The statement of claim set out the following facts:

On July 26, 1876, Samuel M. Weeks, a subject of the queen of Great Britain, and a resident of Nova Scotia, recovered judgment against Amable B. Bonneville and another in the supreme court of the province of Nova Scotia, amounting, with costs, to $2,242.27. That court was then a court of record, duly constituted, with general jurisdiction, and jurisdiction of the subject-matter of that suit. The defendants therein in 1878 and in 1882 acknowledged the validity and binding force of that judgment, and promised to pay it, but only $190 has been received on account thereof. Amable B. Bonneville died on November 8, 1895, residing at Allentown, Pa. The corporation defendant was appointed his executor, and is in funds to pay this judgment. Samuel M. Weeks has assigned his rights under this judgment to the plaintiff, who is also a subject of the queen of Great Britain. Attached to this statement of claim is a copy of the record of the original cause. From this it appears that the defendants were residing in New York, and were not personally served therein within the territorial jurisdiction of the Nova Scotia court, and that the original judgment was obtained by default.

To this statement of claim a demurrer was filed by defendant, the grounds of which, so far as insisted on at the argument, are set out in the opinion.

Charles A. Chase, for plaintiff.
Edward Harvey, for defendant.

DALLAS, Circuit Judge. Four causes of demurrer are assigned by the defendant to the plaintiff's statement of his cause of action, but these need not be severally considered, inasmuch as in the brief presented on behalf of the defendant it is said that the questions intended to be raised by the demurrer are (1) whether this action can be maintained notwithstanding the fact that it appears that the judgment of the Canadian court now sued upon was obtained without service on the defendants, and without appearance by them; and (2) whether, aside from the first question, the plaintiff, as assignee of that judgment, can maintain an action thereon in his own name.

1. The first point is, in my opinion, not well taken. It need not be questioned—it is, I think, unquestionable—that, if the defendants had been then citizens of the United States, the judgment, which was entered by the Canadian court without actual notice to or appearance by them, of whatever validity there against property of the de-

fendants there situate, could have no validity here, even of a prima facie character. Bischoff v. Wethered, 9 Wall. 812, 814. But the statement of claim expressly asserts that the court which rendered the judgment was, at the time of its rendition, a court of record, duly constituted, and of general jurisdiction, and that it had jurisdiction not only of the subject-matter, but also of the parties to the action; and this general averment is supplemented by the specific allegation that Amable B. Bonneville, whose executor is defendant here, "was then a resident and subject of said dominion and empire." In view of these statements of fact, I cannot sustain the demurrer upon the ground now under consideration. The law upon the subject was, I think, well stated in Schisby v. Westenholz (1870–71) L. R. 6 Q. B. 155, where Blackburn, J., at pages 160 and 161, said:

"Again, it was argued before us that foreign judgments obtained by default, where the citation was [as in the present case] by an artificial mode prescribed by the laws of the country in which the judgment was given, were not enforceable in this country, because such a mode of citation was contrary to natural justice. Now, on this we think some things are quite clear on principle. If the defendants had been, at the time of the judgment, subjects of the country whose judgment is sought to be enforced against them, we think that its laws would have bound them. Again, if the defendants had been, at the time the suit was commenced, residents in the country, so as to have the benefit of its laws protecting them, or, as it is sometimes expressed, owing temporary allegiance to that country, we think that its laws would have bound them."

The application of this language to the case in hand need not be pointed out; it is obvious.

2. The brief on behalf of the defendant quite forcibly opposes the right of the plaintiff assignee to maintain this action in his own name, but, though otherwise quite exhaustive, the plaintiff's brief is wholly silent upon this question. Under these circumstances, and in view of the fact that this particular objection, if well founded, may, perhaps, be overcome by amendment, I deem it inadvisable to now pass upon it. Accordingly, the demurrer will be retained for further consideration, and with leave to either party to move the court in the premises as may be advised.