(71 Misc. Rep. 585.)

GRUBEL v. NASSAUER.

(Supreme Court, Trial Term, New York County. April, 1911.)

1. JUDGMENT (§ 940*)—ACTION ON FOREIGN JUDGMENT—ISSUES—JURISDICTION.
   In an action on a foreign judgment, defendant's denial of the allegation of the complaint that, under the service of summons and complaint by publication, the foreign court obtained jurisdiction over defendant and of the subject-matter of the action, put in issue the jurisdiction of the foreign court, notwithstanding the failure to deny the allegation that the defendant was a citizen of the foreign country, subject to its laws and to the jurisdiction of its courts.
   [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 940.*]

2. JUDGMENT (§ 929*)—ACTION ON FOREIGN JUDGMENT—VALIDITY—JURISDICTION OF PERSON—DOMICILE.
   In an action on a judgment rendered in 1907 by a court of competent jurisdiction of the kingdom of Bavaria, Germany, proof that in 1901 the defendant left Germany and came to the city of New York, where he has continued to reside and has established his business, coupled with his declaration of intention to become a citizen of the United States made in 1906, clearly establish his residence and intention to create a domicile in the state of New York.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1758; Dec. Dig. 929.*]

3. JUDGMENT (§§ 818, 831*)—FOREIGN JUDGMENT —JURISDICTION.
   With respect to interstate judgments or judgments of foreign nations, whether jurisdiction in personam is lawfully acquired depends on the existence of defendant's legal domicile in the state or country in which the judgment is rendered.
   [Ed. Note.—For other cases, see Judgment, Dec. Dig. §§ 818, 831.*]

Action by Walburga Grubel against Gustav Nassauer. Judgment for defendant.

August P. Wagener, for plaintiff.
Barnett L. Hollander, for defendant.

GREENBAUM, J. This is an action upon a judgment rendered on July 11, 1907, in the Royal Supreme Court, Munich 1, of the Kingdom of Bavaria, against the defendant, a subject of Bavaria, who claims to have been domiciled in the city of New York when the action was brought in the foreign court. Assuming for the purposes of the discussion that the foreign court was a court of general jurisdiction, the main question to be considered is whether this court will enforce such judgment when based upon constructive service against a subject of that country domiciled in the state of New York.

[1] It appears that in the middle of December, 1901, the defendant and his wife departed from the empire of Germany and came to New York, where he has ever since continuously resided and been engaged in business. On the 25th of June, 1906, about 11 months prior to the commencement of the action in which the judgment against him was rendered in Bavaria, he duly filed a declaration of his intention of becoming a citizen of the United States. The plaintiff challenges the right of the defendant to raise the question of jurisdiction, basing his

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contention upon the failure of defendant to deny in his answer, paragraph "first" of the plaintiff's complaint, in which it is alleged:

"That at all times hereinafter mentioned the above-named defendant was a citizen of the empire of Germany, subject to its laws and to the judisdiction of its courts."

It appears, however, that defendant denied the allegation of the complaint, in which it is alleged that under the service of the summons and complaint by publication upon the defendant the Royal Bavarian Court acquired jurisdiction over defendant and of the subject-matter of the action. It is therefore proper to construe the pleadings as putting in issue the question of the jurisdiction of the foreign court, and to regard the failure to deny the first paragraph of the complaint as a mere admission that defendant, as a subject of Germany, was subject to its laws and the jurisdiction of its courts, when not affected by his domicile in this country. Story Confl. Laws (8th Ed.) 25.

[2] It will therefore be necessary to determine whether, under the facts above set forth, the defendant had acquired a domicile within the state of New York. I am of opinion that the continued residence of the defendant for six years within the state of New York, his establishment of a business here, the fact that since 1901 he has had no business in Germany and has transacted business entirely in this country, coupled with his declaration of intention to become a citizen of the United States, clearly establish the necessary elements of residence and intention to create a domicile in the state of New York. Matter of Newcomb, 192 N. Y. 238, 250, 84 N. E. 950. In Wheaton on International Law (4th Ed.) at pages 238, 239, it is said:

"The law of England and of almost all civilized countries ascribes to each individual at his birth two distinct legal states or conditions: one by virtue of which he becomes the subject of some particular country, binding him by the tie of natural allegiance and which may be called his political status; another by virtue of which he has ascribed to him the character of a citizen of some particular country, and as such is possessed of certain municipal rights and subject to certain obligations, which latter character is the civil status or condition of the individual. * * * Allegiance is a term synonymous with national character. By it is understood the obligations of fidelity and obedience which an individual owes to the state whose national character he bears. * * * The civil status is governed universally by one single principle, namely, that of domicile, which is the criterion established by the law for the purpose of determining civil status."

See, also, United States v. Wong Kim Ark, 169 U. S. 649, 656, 18 Sup. Ct. 456, 42 L. Ed. 890; 1 Whart. Confl. Laws (3d Ed.) § 32.

[3] With respect to interstate judgments whether jurisdiction in personam is lawfully acquired depends upon the existence of defendant's legal domicile in the state in which the judgment is rendered (Shepard v. Wright, 35 Hun, 444, affirmed 113 N. Y. 582, 21 N. E. 724; Huntley v. Baker, 33 Hun, 578; 2 Freem. Judg. [4th Ed.] § 570, pp. 985, 986; Armsbaugh v. Bank, 33 Kan. 100, 5 Pac. 384), and the jurisdiction of courts of foreign nations are governed substantially by the same rules which are applicable to the courts of our sister states (2 Freem. Judg. [4th Ed.] § 588, p. 1017). In Smith v. Grady, 68 Wis. 215, 31 N. W. 477, the court declined to recognize a judgment

rendered against the defendant's testator in the province of Ontario, Canada, founded upon personal service of the summons in Wisconsin, although it appeared that the testator had resided in Ontario and was a subject of Great Britain when he became indebted to the plaintiff, and continued such a subject until his death, but where at the time of the service of the summons he had ceased to be a resident of Ontario and had no property therein. In Jaffer v. Williams, 25 T. L. Rep., the defendant, who had at one time been domiciled in Poona, India, left that country in 1899 or 1900 and acquired a domicile in England. Thereafter a suit was begun against him in the Indian Court on December 1, 1906, and process issuing thereon reached him about Christmas, 1906, and required him to enter an appearance before January 7, 1907. In a suit upon a judgment entered upon his default it was held that such judgment could not be enforced, on the ground that it must be considered for the purposes of the case to be a judgment of a foreign court and the defendant was not domiciled within its jurisdiction. In 2 Whart. Confl. Laws (3d Ed.) 649, it is said:

"Personal judgment based solely on extraterritorial service, the defendant not being domiciled within the jurisdiction, is to be regarded, as has been already incidentally noticed, as internationally invalid. One state cannot in this way obtain jurisdiction over a person domiciled in another state, and the averment in the original record of service may be impeached and contradicted by parol in the domestic court."

In a note to this section it is observed that "the rule of the text is supported by numerous authorities and is practically undisputed. * * * It applies to judgments rendered in sister states as well as to judgments rendered in foreign countries." In Shepard v. Wright, 59 How. Prac. 512, 515, while this question was not presented for determination, as the defendant there was assumed to be a resident of New York, it was said:

"The plaintiff claims, however, that the defendant was a citizen of Canada, although residing in the state of New York at the time of the service upon him of the bill of complaint, and that the Canada court had jurisdiction. * * * There is no evidence that he was other than a citizen of the country of his residence. But if the fact was as it is claimed, as a resident of New York, a judgment to be enforced against him personally elsewhere than in the country where it was obtained cannot be supported by such a service. Story, Confl. Laws, § 640."

I am therefore of opinion that the judgment upon which this action is brought was rendered without jurisdiction being acquired over the defendant, and under the principles above stated may not be recognized or enforced under the laws of this state. Judgment directed for the defendant.

Judgment for defendant.