John L. Nichols & another, executors, *vs.* William W. Vaughan, executor.

Josiah E. Bacon *vs.* Same.

Suffolk. March 4, 5, 1914. — May 21, 1914.

Present: Rugg, C. J., Loring, Braley, Sheldon, & Crosby, JJ.

*Limitations, Statute of. Statute,* Construction.

Under the provision of R. L. c. 202, § 9, that "if, after a cause of action has accrued, the person against whom it has accrued resides out of the Commonwealth, the time of such residence shall be excluded in determining the time limited for the commencement of the action," the time to be deducted in computing the period of limitation in a civil action does not include a period of time during

which the defendant, although he was in a foreign country, retained his domicil in this Commonwealth.

It is a well established rule of statutory interpretation, that, when a statute after having been construed by the courts is re-enacted without material change, the Legislature are presumed to have adopted the judicial construction put upon it.

Two ACTIONS OF CONTRACT by different plaintiffs against the executor of the will of Charles G. Lundell, late of Boston. Writs dated May 3, 1910.

In each case the defendant in a substituted answer alleged that the causes of action set out in the plaintiff's writ and declaration did not accrue within six years before the suing out of the plaintiff's writ or within the time when the plaintiffs' testator in the first case or the plaintiff in the second case might by law bring the action.

In the Superior Court the cases were heard by *Quinn,* J., without a jury. The facts as found by him are stated in the opinion. In each of the cases the judge "ruled as a matter of law that change of domicil alone suspends the expiry of the statute of limitations" and on the facts found by him ruled that the statute was a bar to the plaintiff's action. He ordered that judgment be entered for the defendant on all the counts of the declaration in each action, and reported the cases for determination by this court.

*S. M. Child,* for the plaintiffs.

*J. B. Warner,* (*F. S. Montgomery* with him,) for the defendant.

RUGG, C. J. The question presented by these cases is whether the statute of limitations has run in favor of the defendant's testator. All the causes of action accrued at least as early as August, 1886. For many years before this time and confessedly up to August, 1889, the testator was domiciled in Boston. He left there with his wife in August, 1889, having shortly before that date retired from business. He gave up his apartment in Boston and stored his furniture before August, 1889, and thereafter was absent from the Commonwealth continuously until June, 1906, travelling most of the time until 1896, when an apartment was leased in Paris, where he lived chiefly until his return to America. He was resident in this Commonwealth after these causes of action accrued for three years before leaving Boston and two years after returning there in 1906. Hence, the

defendant is entitled to prevail provided it is found that the statute was running in his testator's favor for the first or any one of the years of his absence. The finding of the Superior Court judge, that the statute had run in favor of the defendant, involved a finding that the domicil of his testator was in Boston for at least one year out of the period of his absence.

Plainly there was evidence which warranted such a finding. This is not seriously controverted by the plaintiffs. Their main contention is that the ruling of law was wrong, which the judge made, to the effect that "change of domicil alone suspends the expiry of the statute of limitations." They urge that the statute of limitations runs only during such periods of time as personal service of civil process issuing from our courts could have been made within this jurisdiction upon the defendant's testator. The material words of the statute, R. L. c. 202, § 9, are that, if after a cause of action like those at bar has accrued, "the person against whom it has accrued resides out of the Commonwealth, the time of such residence shall be excluded in determining the time limited for the commencement of the action." This language is the same as that of Pub. Sts. c. 197, § 11, except that the words "is absent from and" before the word "resides" have been stricken out. The words of the statute have been construed in several decisions. It was said by Chief Justice Morton in *Slocum* v. *Riley*, 145 Mass. 370, at page 371, "in computing the period of limitation, the time of a debtor's absence from the State is not to be excluded, unless it is of such a character as to work a change of his domicil." The same point was decided in *Collester* v. *Hailey*, 6 Gray, 517. The slight change in the phrase of the statute above noted made in the Revised Laws from the Public Statutes, if of any effect, tends rather to strengthen than to weaken the force of this decision. The matter was discussed more at length in *Langdon* v. *Doud*, 6 Allen, 423, where at page 425 it was said by Chief Justice Bigelow, "So long as a debtor has a last and usual place of abode in the Commonwealth, that is, while he retains his domicil or residence here, the courts of the State have jurisdiction over him, and due service of legal process can be made upon him. A creditor can at any time commence a suit to enforce a claim against a debtor domiciled within the State. A writ can be served by leaving a summons at his last and usual place of abode, and in

case of his absence from the State actual notice of the pendency of the action can be given to him, so that a valid and binding judgment can be obtained."

The defendant contends that these decisions are no longer law because of *Pennoyer* v. *Neff*, 95 U. S. 714, wherein it was held that there could be no personal judgment against a non-resident defendant over whom jurisdiction was obtained solely by attachment of property. That case does not go to the extent of holding that the courts of the State in which one is domiciled and to which he owes allegiance cannot acquire jurisdiction over him so as to be able to render a judgment *in personam* except after personal service of process upon him within the State. There are, however, expressions in several decisions of that court which lend support to that view. *Freeman* v. *Alderson*, 119 U. S. 185, 188. *Clark* v. *Wells*, 203 U. S. 164, 170. *Caledonian Coal Co.* v. *Baker*, 196 U. S. 432, 444. *Goldey* v. *Morning News*, 156 U. S. 518, 521. *Mexican Central Railway* v. *Pinkney*, 149 U. S. 194. *Noble* v. *Union River Logging Railroad*, 147 U. S. 165, 173. *Harkness* v. *Hyde*, 98 U. S. 476, 478. *Cooper* v. *Reynolds*, 10 Wall. 308, goes very far toward sustaining that contention. It is supported by *Raher* v. *Raher*, 150 Iowa, 511, *De La Montanya* v. *De La Montanya*, 112 Cal. 101, *Smith* v. *Grady*, 68 Wis. 215, and *Moss* v. *Fitch*, 212 Mo. 484. See 25 Ann. Cas. 680.

Of course, if that is the law under the Fourteenth Amendment of the Federal Constitution as established by the Supreme Court of the United States, it is authoritative and binding upon all State courts. *Eliot* v. *McCormick*, 144 Mass. 10. See also *Porter* v. *Prince*, 188 Mass. 80.

But, however that may be, the point here presented is one of interpretation of our statute of limitations and not one of sufficiency of service of process. We are constrained to adhere to the interpretation of this statute repeatedly given. The Legislature has re-enacted the statute at least twice without substantial change in this regard since our earliest decision interpreting its words. It is a well settled rule of statutory interpretation that, when a statute after having been construed by the courts is re-enacted without material change, the Legislature are presumed to have adopted the judicial construction put upon it. The doctrine of *stare decisis* is supported by legislative approval.

If the result of this interpretation, in the light of the decisions of the United States Supreme Court in *Cooper* v. *Reynolds*, *Pennoyer* v. *Neff*, and the others above cited, is to work a possible injustice in some instances, as well it may, the remedy is with the Legislature.

*Exceptions overruled.*