RHODESIAN GENERAL FINANCE & TRADING TRUST, LIMITED, Plaintiff, *v.* LILIAN WYLDE MACQUISTEN, Defendant.

Supreme Court, Special Term, New York County, February 24, 1939.

*Breed, Abbott & Morgan* [*Gerald J. Craugh* of counsel], for the plaintiff.

*Fayette S. Dunn*, for the defendant.

ROSENMAN, J. This is a motion to dismiss the complaint for insufficiency appearing on the face thereof. The complaint alleges that the plaintiff is a limited company organized under the laws of England with its principal place of business in London; that on September 28, 1938, the plaintiff recovered a default judgment against the defendant in England; that the summons leading to the default judgment was served personally on the defendant in New York city on June 29, 1938, pursuant to order 11 of the Rules of the Supreme Court of Judicature in England, which provides that such service may be made, if allowed by the court, where " relief is sought against any person domiciled or ordinarily resident within the jurisdiction " or where the action is against a defendant affecting a contract made within the jurisdiction or by its terms or by implication governed by English law; that the action was one in which relief was sought against the defendant who " at the time said action was commenced was a British subject, was a person domiciled or ordinarily resident within the jurisdiction " of the court; that the action affected a contract made within the jurisdiction and governed by its terms or by implication by English law; that the value of the judgment in United States money was $25,919.85 on the date of its rendition, for which judgment is demanded·

This motion raises the question as to the validity in our courts of a judgment entered in a foreign country where service has been made in the State of New York by order of the foreign court and where there has been no appearance or answer filed. Since, for the purposes of the motion, the allegations of the complaint are deemed true, the question here presented is limited to cases where the defendant so served is a subject of and domiciled or ordinarily resident in the foreign country where the judgment has been entered.

In *Cowans* v. *Ticonderoga Pulp & Paper Co.* (219 App. Div. 120, 121: affd., 246 N. Y. 603) the court points out that

" The force and effect which is to be given to a foreign judgment is for each sovereign power to determine for itself. Its policy in this respect is determined by its statutes or by the decisions of its courts. There is in this State no constitutional or statutory provision declaring the policy of the State respecting judgments recovered in jurisdictions outside of the United States.

" The general rule in this State is settled as follows: A judgment recovered in a foreign country, when sued upon in the courts of

this State, is conclusive so far as to preclude a retrial of the merits of the case, subject, however, to certain well-recognized exceptions, namely, where the judgment is tainted with fraud, or with an offense against the public policy of the State, or the foreign court had not jurisdiction."

The question to be determined is whether the foreign court had jurisdiction *in personam.*

If the defendant here had not been a British subject and ordinarily resident and domiciled in England, the authorities in this State are clear that no jurisdiction was obtained by the English court by service outside the jurisdiction of the court. (*Bank of China* v. *Morse,* 168 N. Y. 458; *Bischoff* v. *Wethered,* 76 U. S. 812; *Skandinaviska Granit Aktiebolaget* v. *Weiss,* 226 App. Div. 56; *Grubel* v. *Nassauer,* 210 N. Y. 149; *Kerr* v. *Tagliavia,* 101 Misc. 614; affd., 186 App. Div. 893, on opinion below; appeal dismissed, 229 N. Y. 542; certiorari denied, 254 U. S. 645.)

In all of the cases above cited (except *Smith* v. *Grady,* 68 Wis. 215; 31 N. W. 477) the defendant was not a foreign citizen and resident at the time of the entry of the foreign judgment. In *Bank of China* v. *Morse (supra)* the foreign judgment was obtained against one who was a citizen and resident of New York, as appears from the opinion below (44 App. Div. 435, 437, 438). In *Bischoff* v. *Wethered (supra)* it does not appear whether the defendant was a resident of Maryland or not, although it would appear that he was a resident of Maryland from the later case of *Ouseley* v. *Lehigh Valley Trust & Safe-Deposit Co.* (84 Fed. 602). In *Grubel* v. *Nassauer (supra)* the defendant had continuously resided and done business in New York for almost six years and had filed a declaration of intention to become an American citizen (See opinion of lower court, 71 Misc. 585, 587); indeed, the Court of Appeals (p. 152) stated that " the domicile of the defendant was in this State."

In *Kerr* v. *Tagliavia (supra),* holding an English judgment void where service had been made in New York upon a defendant with neither residence nor citizenship in England, the opinion in the lower court (101 Misc. 614, 616) pointed out that there were two classes of exceptions to the general rule of invalidity of foreign judgments where no personal service had been effected in the foreign jurisdiction: " (a) cases in which the foreign law of process is held to be binding upon a defendant, by reason of his citizenship or residence in the foreign State, and in recognition of the allegiance which he owes in consequence to such State (See *Hunt* v. *Hunt,* 72 N. Y. 217); (b) cases in which the defendant is a corporation doing business in a foreign State, the laws of which provide a method of service upon foreign corporations and condition the

right to do business within the State upon subjection to such laws." The court, however, specifically found (p. 618) that the defendant was not a citizen or resident of England and, therefore, the foreign judgment was not enforced.

In the same way a Swedish judgment was held void in *Skandinaviska Granit Aktiebolaget* v. *Weiss* (*supra*), where notice was served in New York upon a defendant who was a resident of Brooklyn and a citizen of New York State, on the ground of lack of jurisdiction *in personam*. (See, also, *Scanlon* v. *Kuehn*, 225 App. Div. 256.)

This distinction between defendants who are citizens and residents of the foreign jurisdiction and those who are not is borne out clearly in the cases of *Hunt* v. *Hunt* (72 N. Y. 217) and *Huntley* v. *Baker* (33 Hun, 578). In each of these cases a judgment was entered in a foreign State against a defendant domiciled in and a citizen of said State who was temporarily out of the State at the time of the commencement of the action. In each case some form of substitute for personal service was effected pursuant to the statutes of the respective State. The New York courts held each of these judgments to be enforcible in this State. In the former case it said (p. 239): " As a denizen and a citizen of the State, he owes it allegiance, and is under the force and authority of its laws; and so long as he remains in that relation, he cannot throw off his subjection by the act of temporary or prolonged absence from the State. He is still amenable to those laws, and bound by their provisions as to substituted service of process."

In the latter case the court said (p. 580): " Without stating the principle more at length, it may be assumed that by reason of the relation between the State and its citizen, which affords protection to him and his property and imposes upon him duties as such, he may be charged by judgment *in personam* binding on him everywhere as the result of legal proceedings instituted and carried on in conformity to the statute of the State, prescribing a method of service which is not personal and which in fact may not become *actual* notice to him. And this may be accomplished in his lawful absence from the State." (See, also, *Cassidy* v. *Leetch*, 53 How. Pr. 105; *Northern Aluminum Company, Ltd.*, v. *Law*, 157 Md. 641; 147 A. 715; *Ouseley* v. *Lehigh Valley Trust & Safe-Deposit Co.*, 84 Fed. 602; *Shepard* v. *Wright*, 35 Hun, 444; affd., 113 N. Y. 582. Contra, *Smith* v. *Grady*, 68 Wis. 215; 31 N. W. 477.)

Since, for the purposes of this motion, the defendant is assumed to be a British subject, domiciled or ordinarily resident in England, the motion is denied. Defendant may answer within twenty days after service of a copy of this order with notice of entry.