Joseph A. Cox, S.
The petitioner herein, the administrator of the estate" of the decedent, seeks in this discovery proceeding to obtain possession of certain assets of the decedent located in Greece which have been taken possession of by the respondents. A stipulation of facts has been filed and the matter submitted to this court for a decision as to the questions of law involved. It appears from the stipulation of facts that the respondents took possession of and claim title to the personal property of the decedent located in Greece by virtue of an ex parte decree of the Court of the First Instance of Athens, Greece, Bench V, dated April 14, 1957. Under that decree the respondent, Penelope Varthis, was certified to be the sole heir of her adoptive father, Spyridon J. Paramythiotis, the decedent herein. The first question to be decided is whether the domiciliary administrator can properly come before this court to recover personal property of the decedent located in a foreign jurisdiction. As to this question, the law is well established and settled. In the case of Cross v. United States Trust Co. (131 N. Y. 330, 339-340) the court stated: “ It is a general and universal law that personal property has no locality. It is subject to the law of the owner’s domicile as well in respect to a disposition of it by act inter vivos, as to its transmission by last will and testament, and by succession upon the owner dying intestate.” (See, also, Parsons v. Lyman, 20 N. Y. 103; Rubin v. Irving Trust Co., 305 N. Y. 288, 299.) The court finds therefore that the administrator is properly before the court in seeking discovery and possession of the personal property of the decedent wherever it might be located.
The second question involved is whether the respondent, Penelope Varthis, and her agent, Savos Angelou, the other respondent in this matter, have such title to the property by virtue of the decree as to forestall the domiciliary administrator from obtaining possession thereof. The decree which certified the respondent, Penelope Varthis, to be the sole heir of the decedent was an ex parte decree obtained without notice to either the petitioner in this proceeding or the decedent’s widow, Sophie Paramythiotis. Generally, due to the comity of law which exists between nations, our courts will recognize the decree of any foreign sovereign State having jurisdiction over the parties to the controversy. (Johnston v. Compagnie Generale Trans *135 atlantique, 242 N. Y. 381.) The exception to the rule arises when such decree has been obtained ex parte without notice to the interested parties thus depriving them of an opportunity to contest the granting of the decree. (Matter of Gifford, 279 N. Y. 470; Matter of Cornell, 267 N. Y. 456; Grubel v. Nassauer, 210 N. Y. 149; Shepard v. Wright, 113 N. Y. 582.) The case at bar falls squarely within the exception to the rule and this court finds therefore that the ex parte decree obtained by the respondent herein from the Greek court cannot be binding upon the petitioner herein or the widow of the decedent. The assets in Greece in the possession and control of the respondents belong and should be included in the decedent’s gross estate'. The respondents may therefore either turn over such assets to the petitioner or the value of such assets may be set off against the respondent’s (Penelope Varthis) interest in the estate.
Submit decree on notice accordingly.