WALBURGA GRUBEL, Appellant, *v.* GUSTAV NASSAUER, Respondent.

Process — service by publication — legal effect of such service and of judgments obtained thereunder.

1. Process from the tribunals of one state cannot run into another state, and summon parties there domiciled to leave its territory and respond to the proceedings against them. Publication of process or notice within the state where the tribunal sits cannot create any greater obligation upon the non-resident to appear. Process sent to him out of the state, and process published within it, are equally unavailing in proceedings to establish his personal liability. (*Hunt* v. *Hunt*, 72 N. Y. 217; *Atherton* v. *Atherton*, 181 U. S. 155, 162, distinguished on ground of different rule in divorce actions.)

2. The judgments of the courts of any country do not have, necessarily, any extraterritorial effect. When they are enforced in a foreign country, which as a rule they are to a certain extent, it

is solely by virtue of comity. (*Hilton* v. *Guyot,* 159 U. S. 113, cited and followed.) No greater respect is given to judgments recovered in a foreign country than to a judgment recovered in one of our sister states.

*Grubel* v. *Nassauer,* 148 App. Div. 891, affirmed.

(Submitted December 9, 1913; decided December 30, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 21, 1911, affirming a judgment in favor of defendant entered upon a decision of the court at a Trial Term, a jury having been waived.

The nature of the action and the facts, so far as material, are stated in the opinion.

*August P. Wagener* for appellant. Defendant, by admitting that he was a citizen of the empire of Germany, subject to its laws and the jurisdiction of its courts, was bound by the judgment sued on in this action. (*Shepard* v. *Wright,* 113 N. Y. 582; *Hunt* v. *Hunt,* 72 N. Y. 2, 17.)

*Barnett L. Hollander* for respondent. The court of the foreign country did not acquire jurisdiction. (*Shepard* v. *Wright,* 113 N. Y. 582.)

CULLEN, Ch. J. In December, 1901, the defendant and his wife departed from the empire of Germany, of which country, or of the kingdom of Bavaria, which is a constituent part of such empire, he was a subject and resident. He came to the city of New York, where he has resided and engaged in business ever since. In June, 1906, the defendant filed notice of his intention of becoming a citizen of the United States. Subsequent to that time and on July 11th, 1907, the plaintiff, also a resident of and a subject of Bavaria, recovered in the courts of that kingdom a judgment against the defendant on an obligation alleged to have been incurred before the latter's departure from that country. The process on which the

judgment was founded was not served upon the defendant personally, but by publication, and at that time he was not within the empire.

The trial court held that the judgment was without efficacy in this country and rendered judgment for the defendant, which has been affirmed by the Appellate Division. We think the judgments below were right, and the opinion of the learned trial judge leaves very little to be added by us. The whole argument of the appellant is based on the proposition that at the time of the recovery of the judgment the defendant was still a subject or citizen of Germany or Bavaria, and, therefore, bound by its laws. In one sense this is doubtless true, and it may be assumed that the judgment is conclusive against the defendant in the country where it was recovered, and there would be enforced against him or his property. But the judgments of the courts of no country have, necessarily, any extraterritorial effect. When they are enforced in a foreign country, which as a rule they are to a certain extent, it is solely by virtue of comity. The elaborate review of this subject by the Supreme Court of the United States in *Hilton* v. *Guyot* (159 U. S. 113) renders further discussion unnecessary.

The question then is how far comity should induce us to respect a foreign judgment obtained without personal service of process against a citizen of a foreign country domiciled here at the time of the recovery of the judgment. There is some confusion in the *dicta* of text writers on the subject (Story's Conflict of Laws, section 599 *et seq.* ; Black on Judgments, section 836 *et seq.*), and there has been fluctuation in the decisions of the courts. The only case, however, I can find in which a judgment of a foreign country recovered against a citizen of that country upon whom, absent therefrom, constructive service only was had, was upheld, is that of *Douglas* v. *Forrest* (4 Bing. 686). In that case the judgment was recovered in Scotland and enforced in

England. The grounds on which the decision was made are not very clearly stated in the opinion. On the other hand, in *Smith* v. *Grady* (68 Wis. 215), the court refused to recognize a judgment recovered in a court of Canada against a Canadian residing in Wisconsin who was personally served with process in that state. We think the decisions below were right on principle. By the requirement of the Federal Constitution each state is required to give full faith and credit to the judgments of the other states. It is not a matter of comity between the states, but of obligation imposed by the paramount law. Yet it is settled that a judgment for money recovered in one state without personal service of process on the defendant in that state cannot be enforced without the state. In *Pennoyer* v. *Neff* (95 U. S. 714, 727) it was held: " Process from the tribunals of one State cannot run into another State, and summon parties there domiciled to leave its territory and respond to the proceedings against them. Publication of process or notice within the State where the tribunal sits cannot create any greater obligation upon the non-resident to appear. Process sent to him out of the State, and process published within it, are equally unavailing in proceedings to establish his personal liability." It seems to us unreasonable that we should give greater respect to judgments recovered in a foreign country than to a judgment recovered in one of our sister states.

The learned counsel for the appellant places great reliance on the decision of this court in *Hunt* v. *Hunt* (72 N. Y. 217). One of the questions in that case was the efficacy of a judgment of divorce recovered in the courts of Louisiana, substituted service only having been made on the defendant. The validity of the divorce was upheld. Both parties were not only citizens of Louisiana but domiciled there, while in the present case the domicile of the defendant was in this state. But here is the vital difference between the two cases: The rule as to the invalidity of judgments obtained without personal service

upon the defendant does not apply in full integrity to divorce cases. The distinction between actions of that character and others is recognized in the very case of *Hunt* v. *Hunt*. There Judge FOLGER quoted from *Schibsby* v. *Westenholz* (L. R. [6 Q. B.] 155), where it was said: "If the defendants had been at the time of the judgment subjects of the country whose judgment is sought to be enforced against them, we think that its laws would have bound them." Commenting on this case the learned judge said: "He was speaking of the laws of France, providing for a substituted service upon a party absent from the territory of that realm. We do not adopt the doctrine of these cases now, further than to apply it to this case." (p. 238.) Judge FOLGER then sums up the decision in the case before him as follows: "It is our conclusion, whatever grounds may be stated, that in a suit for divorce, a valid judgment *in personam*, so as to effect a dissolution of the marriage contract, which shall be prevalent everywhere, may be rendered against a defendant not within the territorial jurisdiction during the progress of the suit, if that be the place of his citizenship and domicile, though process be served upon him only in some method prescribed by the laws of that jurisdiction as a substitute for personal service, and though he has not voluntarily appeared." (p. 241.) So, also, in *Atherton* v. *Atherton* (181 U. S. 155, 162) it was said: "The rule as to the notice necessary to give full effect to a decree of divorce is different from that which is required in suits *in personam*." (See, also, 2 Kent's Comm. 110.) It is again to be noticed that in *Hunt* v. *Hunt* and *Atherton* v. *Atherton* the domicile as well as the citizenship of the defendants were in the state where the judgment of divorce was obtained, while in the present case the reverse is the fact.

The judgment appealed from should be affirmed, with costs.

WERNER, HISCOCK, CHASE, COLLIN, CUDDEBACK and HOGAN, JJ., concur.

Judgment affirmed.