FREDERICK KERR, Plaintiff, *v.* FREDERICK TANINI TAG-LIAVIA, Defendant.

(Supreme Court, New York Trial Term, December, 1917.)

Judgments — when courts of this state will not recognize a personal liability arising from foreign judgment — jurisdiction — actions — service of process — negotiable instruments.

The courts of this state will not recognize a personal liability arising from a foreign judgment obtained upon service of process beyond the territorial jurisdiction of the foreign state.

Where, in an action brought upon a judgment obtained in England against defendant as acceptor of a bill of exchange payable in that country, it appears that the service of process

in the English action was effected upon the defendant personally in the state of New York but that he did not appear or defend, he is entitled to judgment.

ACTION upon judgment obtained in England against defendant as an acceptor of a bill of exchange.

J. Hazelton, for plaintiff.

Julian B. Shope, for defendant.

HOTCHKISS, J.  This action is brought upon a judgment obtained in England against this defendant as acceptor of a bill of exchange payable in England. Service in the English action was effected upon the defendant personally in New York, but the defendant did not appear or defend. It is not disputed that the following " rules " of court, made pursuant to act of Parliament, were in force and applicable to the action: " 1. Service out of the jurisdiction of a writ of summons or notice of a writ of summons may be allowed by the court or a judge whenever  *  *  *  (e) the action is founded on any breach or alleged breach within the jurisdiction of any contract wherever made which, according to the terms thereof, ought to be performed within the jurisdiction, unless the defendant is domiciled or ordinarily resident in Scotland or Ireland; or  *  *  *  (g) Any person out of the jurisdiction is a necessary or proper party to an action properly brought against some other person duly served within the jurisdiction." The defendant in contesting the validity of this judgment relies upon the general rule that a foreign judgment not founded upon service effected within the foreign jurisdiction cannot be recognized. The plaintiff concedes that such is the general rule but argues with much earnestness that this defendant, by virtue of his acceptance of a bill of exchange

payable in England, must be regarded as having consented in advance to the method of service provided for in the English rules of court; and that the case, therefore, presents an exception to the general rule. Although unable to find any authorities precisely in point, plaintiff cites numerous cases in which particular circumstances have been held to except the case from the operation of the general rule and contends that the general principles there applied are equally applicable and controlling in this case. I shall not attempt to analyze the cases in detail. Suffice it to say they fall into one or the other of two classes of exceptions to the general rule above stated: (a) Cases in which the foreign law of process is held to be binding upon a defendant, by reason of his citizenship or residence in the foreign state, and in recognition of the allegiance which he owes in consequence to such state (see *Hunt* v. *Hunt,* 72 N. Y. 217); (b) cases in which the defendant is a corporation doing business in a foreign state, the laws of which provide a method of service upon foreign corporations and condition the right to do business within the state upon subjection to such laws. The former class of cases obviously has no bearing upon the present case. The latter class may give a semblance of support to plaintiff's contention since the cases establish that a defendant's consent to submit to a foreign law of process may be *implied* as matter of law under certain circumstances. But upon an examination of the " circumstances " the analogy which plaintiff seeks to invoke disappears. A corporation in doing business in a foreign state avails itself of a privilege which that state has inherent power to withhold, and it would, therefore, be manifestly unjust to permit the corporation, while enjoying the privilege, to escape the corresponding burdens upon which the privilege is conditioned. For illustrations see *Blake*

v. *McClung,* 172 U. S. 239–255. Plaintiff argues that the English rules of court are likewise in effect conditions upon which foreigners may do business in that country, and their consent thereto will be accordingly implied. But the construction of the rules as conditions is, I think, wholly unwarranted. Nor can the mere acceptance of a bill payable in England be regarded as " doing business " in that country. Furthermore, since England has no power to prevent a foreigner from *accepting* a bill payable in England, it would seem that its control over the contract is restricted to the *performance* thereof *in England;* and hence, to draw an analogy to the foreign corporation cases, plaintiff would seem to be obliged to argue that England, as a condition of permitting defendant to perform his obligation, requires him to consent to extraterritorial service upon him for non-performance. The plaintiff contends, however, that the defendant, merely by obligating himself to perform the contract in England, thereby adopted the English law as a part of the contract, and impliedly consented to be governed by it in remedial as well as in substantive matters. But such is not the law. In substantive matter, it is true, the *lex solutionis* generally governs, and the application of the *lex solutionis* is based upon the actual or presumed intent of the parties. *Union Nat. Bank* v. *Chapman,* 169 N. Y. 538; *Pritchard* v. *Norton,* 106 U. S. 124. But the *lex fori* governs as to remedial matters irrespective of the intent of the parties. *Union Nat. Bank* v. *Chapman, supra; Scudder* v. *Union Nat. Bank,* 91 U. S. 406. It would be a manifest absurdity to contend that remedial laws derive their validity from the consent of defendant. Within the rule just stated the English judgment now sued upon is no doubt valid in England, but its validity in England is not based on consent of the defendant. Since, there-

fore, the defendant did not consent expressly or impliedly to the process in question, and since he was not subject thereto by reason of citizenship or residence in England, the general rule remains applicable, namely, that this state will not recognize a personal liability arising from a foreign judgment obtained upon service of process beyond the territorial jurisdiction of the foreign state.

Judgment for defendant.