SKANDINAVISKA GRANIT AKTIEBOLAGET, Appellant, *v.* JOSEPH WEISS, Respondent.

Second Department, April 19, 1929.

*Louis Horwitz* [*Harry Herscowitz* with him on the brief], for the appellant.

*David L. Weissman,* for the respondent.

CARSWELL, J. The plaintiff, a Swedish corporation, instituted arbitration proceedings in Sweden against the defendant. The plaintiff prevailed, and upon the arbitration report a judgment was entered in a court of general jurisdiction in Sweden in favor of the plaintiff. The plaintiff thereupon brought this action upon the Swedish judgment. The defendant set out in his answer an affirmative defense alleging certain facts with respect to the arbitration proceeding and the agreement involved therein. Defendant procured an order requiring the plaintiff to reply to this affirmative defense. The plaintiff failed to serve such a reply and the affirmative defense stands admitted. The defendant moved for judgment on the pleadings, and from an order entered thereon, granting the motion, the plaintiff appeals. He likewise appeals from the judgment made upon said order. The facts, therefore, are not in dispute.

On October 20, 1925, the plaintiff and the defendant made a con-

tract in Sweden for the purchase and sale of a quantity of black granite. The agreement provided that any dispute arising in reference to the performance of the contract was to be settled by arbitration and without appeal. A dispute thereafter arose and the defendant instituted arbitration proceedings in Sweden. The arbitrators required to be appointed by the respective parties were appointed. The arbitration agreement required that in the event of such proceedings being instituted the arbitrators were to make their findings and deliver " sentence of arbitration " within six months. This period ran from March 2, 1926. The sentence of arbitration was not delivered. No application for an extension of time was ever made, and the arbitration proceedings thus instituted by the defendant were abandoned by both parties. This six months' limitation was also provided for by the Arbitration Act of Sweden. That statute provided that if the "sentence of arbitration " was not delivered within six months " the agreement to arbitrate as regards the dispute in question shall become void."

Thereafter, another dispute arose and plaintiff demanded arbitration and appointed its arbitrator pursuant to the agreement and Swedish law. A notice to this effect was served upon the defendant in Brooklyn, N. Y. This notice demanded that the defendant select an arbitrator. The defendant failed to do so whereupon the Administrator of Justice of the Swedish Government appointed an arbitrator to act on behalf of the defendant. The arbitrators proceeded and reported their findings in accordance with the Swedish laws, and on March 2, 1927, the Court of the Administrator of Justice at Gothenburg, Sweden, duly entered a judgment for $48,456.11 in accordance with the report of the arbitrators. The arbitration proceedings and notice thereof, the agreement and the arbitration clauses therein, complied with the laws of Sweden. When the agreement was made in Sweden and during the period covered by the arbitration proceedings in Sweden and when the notice was served on defendant he was, and now is, a resident of Brooklyn, N. Y., and a citizen of New York State and the United States.

The plaintiff foreign corporation brings this action against the defendant upon this Swedish judgment. The question involved is whether the Swedish court ever acquired jurisdiction *in personam* of the defendant so as to enable it to enter a money judgment upon defendant's default in appearing in Swedish arbitration proceedings that would be enforcible against the defendant in the courts of this State.

The plaintiff, appellant, insists that the award of the Swedish arbitration tribunal, which was thereafter made a judgment of a

Swedish court of general jurisdiction, was binding upon this defendant citizen of the United States, and the judgment was enforcible in this State. It invokes *Dunstan* v. *Higgins* (138 N. Y. 70, 74) to the effect that a foreign judgment is conclusive upon the merits unless it be shown to have been procured by fraud. That case involved a situation where a judgment was obtained by the plaintiff in England after there had been *personal service* of the process made in England upon the defendant. In *Scanlon* v. *Kuehn* (225 App. Div. 256) the rule is stated to be that a judgment of a court of another State is conclusive upon all the parties, in all other States as well as in the State in which the judgment is rendered, except where a want of jurisdiction appears in the record or is shown by extrinsic evidence. In the instant case the extrinsic evidence shows that the Swedish arbitration tribunal and the Swedish court never obtained jurisdiction *in personam* over the defendant. In the *Scanlon* case it was claimed that the court in Ohio had obtained jurisdiction of the defendant under a note which had been signed in a partnership name by a partner of the defendant. The Ohio statute, it was claimed, provided that the courts of Ohio had jurisdiction to enter judgment on such a note where the note contained a confession of judgment and a grant of authority to appear for that purpose. The defendant had never in person signed the note which purported to confess judgment on behalf of the partnership in the State of Ohio, and it appeared that the defendant was not a resident of Ohio. The Ohio statute was held not to have extra-territorial effect.

In the instant case, however, the agreement which authorized the arbitration proceedings was signed by the defendant in Sweden at a time when he was a resident of Brooklyn and a citizen of the United States, so that his own personal act is involved. This was not the situation in the *Scanlon* case. Nevertheless, the Swedish arbitration tribunal and the Swedish court never obtained jurisdiction *in personam* over the defendant despite his having signed an agreement of the character indicated. The only service that was made upon him under the arbitration proceeding was a notice to appear or appoint an arbitrator, which notice was served upon the defendant in Brooklyn, N. Y., and was ignored by him.

The fundamental rule is that jurisdiction *in personam* over non-residents so as to sustain a money judgment must be based upon personal service within the State which renders the judgment. (*Pennoyer* v. *Neff*, 95 U. S. 714; *Twining* v. *New Jersey*, 211 id. 78; *Continental National Bank* v. *U. S. Book Co.*, 143 N. Y. 648, affg. on opinion 74 Hun, 632; *Grubel* v. *Nassauer*, 210 N. Y. 149; State Const. art. 1, § 6; U. S. Const. 14th Amendt. § 1; *Dimmerling* v.

*Andrews*, 236 N. Y. 43; *McDonald* v. *Mabee*, 243 U. S. 90; *Hess* v. *Pawloski*, 274 id. 352, 355.)

In *Hess* v. *Pawloski* (*supra*) the rule is stated: " The process of a court of one State cannot run into another and summon a party there domiciled to respond to proceedings against him. Notice sent outside the State to a non-resident is unavailing to give jurisdiction in an action against him personally for money recovery. *Pennoyer* v. *Neff*, 95 U. S. 714. There must be actual service within the State of notice upon him or upon some one authorized to accept service for him. *Goldey* v. *Morning News*, 156 U. S. 518. A personal judgment rendered against a non-resident who has neither been served with process nor appeared in the suit is without validity. *McDonald* v. *Mabee*, 243 U. S. 90. The mere transaction of business in a State by non-resident natural persons does not imply consent to be bound by the process of its courts. *Flexner* v. *Farson*, 248 U. S. 289."

It is to be noted in the foregoing that the mere transaction of business in a State by a non-resident natural person does not imply consent to be bound by the process of the courts. The agreement which the defendant made in Sweden has no different effect. The enforcement of that agreement must be in accordance with due process, and due process, as between States of the United States with respect to a money judgment, requires personal service of process within the jurisdiction of the court issuing the process. Comity does not require the courts of this State to hold that a service which is contrary to the declared policy of this State when sister States are involved (Arbitration Law, § 3; Civ. Prac. Act, § 225; *Grubel* v. *Nassauer*, 210 N. Y. 149, 152) shall be valid when made in a foreign country. In *Grubel* v. *Nassauer* (*supra*) it is said: " It seems to us unreasonable that we should give greater respect to judgments recovered in a foreign country than to a judgment recovered in one of our sister States." This doctrine has especial force in reference to arbitration proceedings, because, as stated by CARDOZO, J., in *Meacham* v. *Jamestown, F. & C. R. R. Co.* (211 N. Y. 346, 353): " in the one case [the ordinary case] we yield to regular and duly organized agencies of the State and in the other to informal and in a sense irregular tribunals." The Arbitration Law of this State (§ 3) provides for the service of process " in the manner provided by law for personal service of a summons." That provision excludes such idea of service without the State as was had in the case at bar in the serving upon the defendant in Brooklyn of the notice of the Swedish arbitration tribunal.

There is a case where the situation parallels that herein. It is

*Kerr* v. *Tagliavia* (101 Misc. 614; affd., 186 App. Div. 893; appeal dismissed, 229 N. Y. 542; certiorari denied, 254 U. S. 645). There a judgment was obtained in England against the defendant as acceptor of a bill of exchange payable in England. Service upon the defendant in the English action was effected by personally serving him in New York. The English rules of practice permitted service of process outside of England whenever the action was founded upon a breach of a contract which was to be performed in England. Accordingly, this service in New York was in conformity with those rules of practice. It was there held that liability upon such a foreign judgment, resting as it did upon service of process beyond the territorial jurisdiction of the foreign State, could not be recognized in this State. Applying that principle to the case at bar, personal liability as against this defendant cannot be recognized in this State upon a judgment of a court of Sweden, founded upon a report of an arbitration tribunal in Sweden, even though the laws of Sweden authorize service in arbitration proceedings to be made without Sweden and in the city of New York by the mere serving of a notice upon the defendant that the arbitration proceeding is about to proceed to pass judgment upon the matters in controversy, and that, therefore, an arbitrator should be appointed by the one upon whom notice is thus served.

The question herein involved is not whether the agreement to arbitrate in Sweden is enforcible as against this defendant or whether the defendant could be compelled to proceed to Sweden to arbitrate. There is no claim of jurisdiction *in rem*. The only question is whether the court of Sweden, directly or through the arbitration proceedings, acquired jurisdiction *in personam* over the defendant. Neither the process of the Swedish arbitration tribunal nor the court of Sweden had any such extra-territorial effect.

The order and judgment should, therefore, be affirmed, with costs.

Present — LAZANSKY, P. J., RICH, KAPPER, CARSWELL and SCUDDER, JJ.

Order and judgment unanimously affirmed, with costs.