JACQUES GILBERT, Appellant, v. HENRY C. BURNSTINE and Another, Individually and as Copartners Trading under the Name of BURNSTINE & GEIST, Respondents.*

· First Department, April 11, 1930.

*Eugene Untermyer* of counsel [*Laurence A. Steinhardt* with him on the brief; *Guggenheimer, Untermyer & Marshall,* attorneys], for the appellant.

*Henry C. Burnstine* of counsel [*Henry C. Burnstine* and *A. Joseph Geist,* defendants in person], for the respondents.

MARTIN, J. The complaint, in an action to enforce a judgment obtained in Great Britain and founded on an arbitration award,

* Affg. 135 Misc. 305.

was dismissed at Special Term. The plaintiff by this appeal seeks to review that decision.

In June, 1925, the parties to this action entered into an agreement for the sale and delivery by the defendants to the plaintiff of a quantity of zinc concentrates. Embodied in the agreement was an arbitration clause providing that all differences arising between the plaintiff and the defendants under said agreement should be arbitrated in London, England, pursuant to the provisions of the Arbitration Law of Great Britain. The agreement further provided that the award that should be rendered pursuant to any arbitration that might be had under the aforesaid Arbitration Law of Great Britain should be binding upon the plaintiff and the defendants.

The defendants, both of whom are and have for a number of years past been attorneys admitted to the practice of law in this State, are citizens of the United States and residents and citizens of the State of New York. The complaint alleges that, certain differences having arisen between the parties respecting defendants' failure to deliver zinc concentrates as provided by the contract, the plaintiff proceeded in due manner and form to invoke the defendants' agreement for a submission to arbitration as called for by the contract, and that an award was made under the provisions of the British Arbitration Act in favor of the plaintiff, no part of which has been paid. The defendants refused at all times to submit to the jurisdiction of the arbitrator and refused to take any part in the arbitration.

The relevant provisions of the British Arbitration Act, 1889 (52 & 53 Vict. chap. 49), are set forth in detail in the amended complaint. It is alleged therein with equal detail that the defendants were fully notified (1) of the plaintiff's request to nominate an arbitrator; (2) of the direction of the British court requiring the defendants to appear for the nomination of an arbitrator; (3) of the appointment of the arbitrator and of his intention to proceed with the arbitration, which notice was served on the defendants more than one month before the date set for the arbitration, and (4) of the arbitrator's intention to proceed on December 13, 1926. A further notice was served on the defendants on or about November seventeenth of that year, requesting them to appear and furnish the arbitrator with all relevant documents relating to the matter in question. The defendants having consistently ignored all of the aforesaid notices, the arbitration proceeded in due form under oath to the witnesses and resulted in the making of the award.

The answer alleges as defenses: (1) That the defendants were citizens of the United States and of the State of New York and residents of the State of New York, and that the agreement alleged in the amended complaint was made in the city and State of New York; (2) that the various notices, papers and originating summonses alleged in the complaint and referred to at length in the answer were served on the defendants by delivering them to the defendants personally in the city and State of New York, and that neither of the defendants appeared in the arbitration proceedings nor did any one appear in their behalf; (3) a plea that a judgment was entered in England upon the said award in the amount of said award, with costs, which existed at the time of the commencement of the action, whereby the defendants argue that the award was merged in the judgment.

Out of the mass of material submitted on the motion, the question before this court may be summarized as follows: Where parties to a contract agree to submit differences arising thereunder to arbitration in London, England, pursuant to the provisions of the Arbitration Law of Great Britain, will our courts sustain an action for the damages determined by such award without service of process in England, where the defendants (who are conceded to be American citizens and residents of New York) personally received due and timely notice in New York city of every procedural step required to validate the arbitration under the Arbitration Law of Great Britain?

The respondents contend that the question here involved is similar to that decided in *Skandinaviska Granit Aktiebolaget* v. *Weiss* (226 App. Div. 56). To sustain this contention they inserted a quotation in the brief which at first glance would lead one to believe was taken from the contract under consideration in that case. The appellant states, however, that the alleged quotation from the contract set forth in the brief was not taken from the contract; that it is the writer's statement placed in quotation marks and that there is no such clause in the contract under consideration in the case cited as an authority for respondents. The statement in the brief is somewhat misleading. It is not a quotation and there appears to have been no reason for inserting it. The opinion in that case, however, is at least in part favorable to the respondents although the case is not in all respects similar.

We are confronted, however, with prior decisions of this court holding that a similar clause providing for arbitration in London, England, is not enforcible to the extent of requiring a party to submit to such an arbitration. The appellant contends that all of these decisions may be disregarded because the respondents

agreed by contract to be bound by arbitration to be carried out as provided by the terms of the contract.

In *United States Asphalt Refining Co.* v. *Trinidad Lake Petroleum Co.* (222 Fed. Rep. 1006), the head note states the law of the Federal courts on this subject: " A provision in a charter party made in London that ' any dispute arising under this charter shall be settled in London by arbitration, * * * and this decision shall be binding upon both parties,' is an agreement for arbitration applying to the entire contract, and while valid under the English Arbitration Act of 1889, under the rule laid down in the decisions of the Supreme Court it is void in a Federal forum."

In *Matter of Berkovitz* v. *Arbib & Houlberg* (230 N. Y. 261), the Court of Appeals said: " We do not now determine whether an arbitration clause, framed in contemplation of the statute of Great Britain, and calling for sessions of the arbitrators in London, is susceptible of enforcement under the statute of New York. We leave that question open."

In *Matter of Inter-Ocean Food Products, Inc.* (206 App. Div. 426), this court passed upon this subject and it was there said: " That while an agreement to arbitrate in a foreign jurisdiction, and before a foreign arbitrator, is not invalid or illegal, it cannot be enforced as between citizens of this State who are the parties thereto, by compelling them to go without the State, in a foreign jurisdiction and before a foreign tribunal, there to arbitrate their disputes."

In that opinion we also find the following: " That the only remedy available under such circumstances in the courts of this State is to stay the trial of an action here by the party who has refused to carry out his agreement to arbitrate and who seeks the aid of our courts to enforce his claim therein."

The decisions of both this court and the Federal courts compel the conclusion that no jurisdiction to arbitrate was ever obtained by the arbitrator in Great Britain or by the courts of Great Britain.

The reason why a judgment founded on such an arbitration will not be enforced is clearly stated in *Skandinaviska Granit Aktiebolaget* v. *Weiss* (*supra*). The court in that case said: " The question herein involved is not whether the agreement to arbitrate in Sweden is enforcible as against this defendant or whether the defendant could be compelled to proceed to Sweden to arbitrate. There is no claim of jurisdiction *in rem*. The only question is whether the court of Sweden, directly or through the arbitration proceedings, acquired jurisdiction *in personam* over the defendant. Neither the process of the Swedish arbitration tribunal nor the court of Sweden had any such extraterritorial effect."

In *Kerr* v. *Tagliavia* (101 Misc. 614; affd., 186 App. Div. 893;

appeal dismissed, 229 N. Y. 542; certiorari denied, 254 U. S. 645) the court said: " The plaintiff contends, however, that the defendant, merely by obligating himself to perform the contract in England, thereby adopted the English law as a part of the contract, and impliedly consented to be governed by it in remedial as well as in substantive matters. But such is not the law. * * * Within the rule just stated the English judgment now sued upon is no doubt valid in England, but its validity in England is not based on consent of the defendant. Since, therefore, the defendant did not consent expressly or impliedly to the process in question, and since he was not subject thereto by reason of citizenship or residence in. England, the general rule remains applicable, namely, that this State will not recognize a personal liability arising from a foreign judgment obtained upon service of process beyond the territorial jurisdiction of the foreign State."

We conclude, therefore, that the judgment sued upon herein is not enforcible in this State, and that the award was made without any jurisdiction, even though the contract provided for arbitration in London, England.

The judgment and order entered herein on the dismissal of the complaint upon the merits and the order denying plaintiff's motion for judgment on the pleadings should be affirmed, with costs.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Judgment and orders affirmed, with costs.