INTERCHEMICAL CORPORATION, Respondent, *v.* MARIO G. MIRABELLI
et al., Individually and as Copartners Doing Business under
the Name of MARIO G. MIRABELLI & Co., Appellants.

First Department, April 20, 1945.

*Harold W. Bissell* of counsel (*William C. Cannon* with him on the brief; *Davis Polk Wardwell Sunderland & Kiendl,* attorneys), for appellants appearing specially.

*William J. O'Connell* of counsel (*Rudolf B. Schlesinger* with him on the brief; *Milbank, Tweed & Hope,* attorneys), for respondent.

COHN, J.   The individual defendants are natural persons residing in the State of New Jersey where, under the name of Mario G. Mirabelli & Co., they conduct a partnership engaged in manufacturing and dealing in clothing, uniforms and other wearing apparel, and material necessary in the manufacture of such products.   The partnership also maintains a factory at Chatham, Columbia County, in the State of New York.

Substituted service of process was purportedly effected upon defendants by leaving a copy of the summons and complaint with a person in charge of defendants' factory at Chatham, N. Y., under the provisions of section 229-b of the Civil Practice Act. (L. 1940, ch. 99, as amd. by L. 1941, ch. 455.)

So far as pertinent, the statute provides: " § 229-b.   *Service of summons on nonresident natural person doing business in this state.*   When any natural person or persons not residing in this state shall engage in business in this state, in any action against such person or persons arising out of such business, the summons may be served by leaving a copy thereof with the complaint with the person who, at the time of service, is in charge of any business in which the defendant or defendants are engaged within this state, and any summons so served shall be of the same legal force and validity as if served personally on such nonresident person or persons so engaging in business in this state within the territorial jurisdiction of the court from which the summons issues, provided that a copy of such summons and complaint together with a notice of such service upon such person in charge of such business according to the provisions of this section shall be forthwith sent to such nonresident person or persons by registered mail, return receipt requested."   To meet the requirements of the due process clause of the Fourteenth Amendment to the Federal Constitution, the section provides for the giving of actual notice to a defendant by registered mail

or by personal service without the State and permits such continuances as may be necessary to afford a defendant reasonable opportunity to defend the action. (*Dohany* v. *Rogers,* 281 U. S. 362, 369; *Simon* v. *Craft,* 182 U. S. 427, 436.)

The action is for goods sold and delivered to defendants in New Jersey between November 10, 1943, and January 4, 1944, to be used in manufacturing clothing, uniforms and other wearing apparel under a contract between them and the United States Government. The contract of sale was effected by an order mailed from defendants' office in Elizabeth, N. J., to plaintiff's predecessor in New York City and an acceptance thereof mailed by the latter to defendants in New Jersey.

Defendants concede that they maintain a factory in Chatham, N. Y., and that process was left with the agent in charge of that factory. They contend, however, that the service was invalid because the action brought against them did not arise out of the business in which defendants were engaging within the State of New York.

An affidavit of Mario G. Mirabelli, head of the defendant partnership, submitted in support of the motion to vacate, states that its Chatham factory is utilized solely for the manufacture of cloth goods; that substantially the only cloth goods manufactured there are mattress covers and that the Chatham factory does not solicit or accept orders or make any contracts or engage in business in any form with outside parties, but deals solely with defendants' main office in New Jersey.

Plaintiff argues that defendants' business is an integrated one conducted both in New Jersey and in New York; that the Chatham factory is not an isolated business unit distinct from the over-all manufacturing and trading business, but is an indispensable part thereof, and that as the cause of action arose out of defendants' integrated business, there exists a proper basis for service of process as provided in section 229-b.

We are unable to concur in the view urged by plaintiff. The statute, as we interpret it, means precisely what it says, namely, that process may be served upon a person in charge of any business in which the nonresident defendants are engaged within this State, *only* when the cause of action against such persons arises out of " such business ", that is, the very business in which they are engaged here. The availability of the statute is subject to two conditions which plaintiff must establish: (1) that the nonresidents " shall engage in business in this state " and (2) that the action shall be one " arising out of such business ". (*Yeckes-Eichenbaum, Inc.,* v. *McCarthy,* 290 N. Y. 437, 444.)

This construction of the statute gives full effect to our legislative policy that if nonresidents elect to engage in business in this State through agents, they must be prepared to subject themselves to substituted service here in any action to which the business in this State gives rise. It was the definite aim of the Law Revision Commission in sponsoring the enactment of section 229-b of the Civil Practice Act to avoid legislation designed to permit substituted service upon an agent within the State in an action arising from any business of nonresident individuals other than the very business done here. (Report of Law Revision Commission, Leg. Doc. [1940] No. 65, pp. 110, 115-134, 152.) In its report at page 110, the Commissioners make the following statement: " The Commission believes unsatisfactory the present state of the law, which places a non-resident natural person, who does business in New York through an agent, beyond the jurisdiction of New York courts. A non-resident engaged in any lawful business in New York, though he could not have been excluded, enjoys the protection of the laws of the state and should be amenable to the process of its courts *in all actions growing out of such business.* It is manifestly unfair to require the creditor of such person to litigate local transactions in the courts of a foreign state, while the creditor of a resident individual or of a foreign corporation doing business in New York may resort to the local courts." (Emphasis ours.) The report of a legislative commission or of statutory revisers accompanying a bill at the time of its passage, wherein the scope and the purpose of the proposed legislation are set forth, is extremely persuasive on the question of legislative intent. (*Woollcott* v. *Shubert,* 217 N. Y. 212, 221, 222; *McLean* v. *United States,* 226 U. S. 374, 380; McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 125.)

Our statute follows similar ones which have been sustained by the highest courts in the States of Pennsylvania and of Iowa. (*Stoner* v. *Higginson et al., Appellants,* 316 Pa. 481; *Davidson* v. *Henry L. Doherty & Co.,* 214 Iowa 739; *Goodman* v. *Doherty & Co.,* 218 Iowa 529, affd. *sub nom. Doherty & Co.* v. *Goodman,* 294 U. S. 623.) In *Davidson* v. *Henry L. Doherty & Co.* (214 Iowa 739, 749-750), cited with approval in *Doherty & Co.* v. *Goodman* (294 U. S. 623), the Iowa court in construing its statute said: " Under our statute, the implied consent to be sued in this state is limited to proceedings growing out of the business transacted through the office or agency in this state. * * * *The action must grow out of the business of that very agency.* * * *.*" (Emphasis ours.)

The contention that a nonresident individual is being denied " due process of law " in violation of the Fourteenth Amendment of the United States Constitution if service is made on his agent in this State on a cause of action arising out of local business seems refuted by the decisions of the Supreme Court of the United States holding that the essential elements of due process of law are notice and opportunity to defend. (*Dohany* v. *Rogers,* 281 U. S., *supra,* 369; *Hess* v. *Pawloski,* 274 U. S. 352; *Simon* v. *Craft,* 182 U. S., *supra,* 436.) Likewise it has been held that the privileges and immunities clause of the Federal Constitution (art. IV, § 2) which prohibits State legislation discriminating against citizens of other States, is not violated by a State statute such as this which " makes no hostile discrimination against nonresidents but tends to put them on the same footing as residents." (*Hess* v. *Pawloski, supra,* 356.)

We think that if, as contended by plaintiff, section 229-b of the Civil Practice Act were to permit substituted service in a case such as we have here, where the cause of action arose out of the New Jersey business of the defendants and not out of any business conducted in this State, there would be grave question as to the constitutionality of such a statute. (*Pennoyer* v. *Neff,* 95 U. S. 714; *Doherty & Co.* v. *Goodman,* 294 U. S. 623; *Hess* v. *Pawloski, supra.*) In *Doherty & Co.* v. *Goodman* (294 U. S. 623) and in *Hess* v. *Pawloski* (*supra*) the Supreme Court of the United States indicated that it upheld the constitutionality of the State statutes there involved, providing for substituted service of process upon individual nonresidents, under the police power of the State. In the *Doherty* case the action grew out of dealings within the State in corporate securities, a business subject to special regulations by the State of Iowa, and in the *Hess* case, the Massachusetts action arose out of the negligent operation of an automobile on the highways of that State. The Supreme Court of the United States limited its decision in the cases cited to the proposition that the police power of the State to regulate acts engaged in within the State requiring special State supervision, such as dealing in corporate securities or using the public highways to drive a motor car thereon, embraces the power to require submission by the actor to its jurisdiction. The New York Legislature, in its wisdom, has adopted the broad view urged by many law writers that a State may require a nonresident individual to submit to reasonable provisions for substituted service to secure personal jurisdiction as a condition of voluntarily doing any sort of business within the State provided that the cause of action arises out

of the business engaged in within the State. (Report Law Revision Commission, Leg. Doc. [1940] No. 65, p. 152; Restatement, Conflict of Laws, § 84; Daum, The Transaction of Business Within a State by a Non-Resident as a Foundation for Jurisdiction, 19 Iowa L. Rev. 421, 431 [1934]; Scott, Jurisdiction over Nonresidents Doing Business Within a State, 32 Harv. L. Rev. 871, 889; Ross, The Shifting Basis of Jurisdiction, 17 Minn. L. Rev. 146, 157 [1933]; Cahill, Jurisdiction over Foreign Corporations, 30 Harv. L. Rev. 676 [1917]; Culp, Process in Actions Against Non-Residents Doing Business Within a State, 32 Mich. L. Rev. 909, 915, 933 [1934]; Prashker, Service of Summons on Non-resident Natural Persons Doing Business in New York, 15 St. John's L. Rev. 1 [1940]; 40 Col. L. Rev. 1105, 1107.) Our Legislature never intended that a non-resident should be compelled to submit to substituted service upon a cause of action arising out of business *not* engaged in within this State, nor is there any such provision in the statute. Section 229-b, we hold, is not available unless the cause of action sued upon arises out of the identical business done in the State of New York.

For the foregoing reasons the order should be reversed, with $20 costs and disbursements, and the motion to vacate and set aside the service of the summons and complaint should be granted.

MARTIN, P. J., TOWNLEY, GLENNON and CALLAHAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements, and motion granted.