FLORENCE E. ROSS, Plaintiff, *v.* GERTRUDE W. OSTRANDER et al., as Executors of FRANK OSTRANDER, Deceased, Defendants.

Supreme Court, Special Term, New York County, June 4, 1948.

*Arleigh Pelham* for plaintiff.

*Thomas J. Minturn* for defendants.

PECORA, J. Both parties move for summary judgment under rule 113 of the Rules of Civil Practice in an action brought to recover the equivalent in American dollars of a judgment rendered against the deceased defendant by the High Court of Justice, King's Bench Division, London, England. There is clearly no issue of fact to be tried and the disposition of the

cause depends upon what recognition this State will give to the English judgment.

The deceased defendant, a citizen of the United States, who had been residing in England for about fifteen years, in November, 1938, entered into a lease for a period of seven years covering an apartment in London, England. Because of the existing war conditions said defendant departed from England in July, 1940.

The action, upon which the judgment sued on herein was obtained, was begun in England in 1942 to recover arrears in rent. The defendant was served personally with a notice of writ, corresponding to a summons in this country, at Kew Gardens, Queens County, New York. A judgment was thereafter entered in such action on default of appearance.

The recognition of the foreign judgment depends upon whether the foreign court had jurisdiction. (*Cowans* v. *Ticonderoga Pulp & Paper Co.*, 219 App. Div. 120, affd. 246 N. Y. 603.) In *Hilton* v. *Guyot* (159 U. S. 113) it was pointed out that judgments of a court of a foreign country have no extraterritorial effect, and when they are enforced it is solely as a matter of comity. The determination of jurisdiction of the foreign court is made according to the forum's conception of jurisdiction. (*Grubel* v. *Nassauer*, 210 N. Y. 149; *Skandinaviska Granit Aktiebolaget* v. *Weiss*, 226 App. Div. 56.)

*Grubel* v. *Nassauer* (*supra*) involved a suit upon a judgment obtained in Bavaria, Germany, on an obligation incurred by defendant before he departed from that country, but service was not made upon him personally in Germany. In refusing to recognize the judgment, the Court of Appeals said (p. 152): " Yet it is settled that a judgment for money recovered in one state without personal service of process on the defendant in that state cannot be enforced without the state. * * * It seems to us unreasonable that we should give greater respect to judgments recovered in a foreign country than to a judgment recovered in one of our sister states."

The judgment in the instant case would not be valid if obtained in a sister State. (*Pennoyer* v. *Neff*, 95 U. S. 714.)

Plaintiff relies upon order XI of the Rules of the Supreme Court in England which provides that service out of the jurisdiction may be allowed against one who is not a resident of England in a suit in respect to the breach of a contract which was made in England. The English cases have sustained judgments obtained under order XI. (*Reynolds* v. *Coleman*, 36 Ch. D. 453; *Bremer Oeltransport* v. *Drewry*, [1933] 1 K. B.

753.) . However, even though the judgment here would be conclusive against the defendant in England and could be enforced against him there, this forum is not required to give it recognition unless the requirements of jurisdiction according to the laws of this forum are met. (See *Pope* v. *Heckscher*, 266 N. Y. 114.)

Plaintiff attempts to liken the situation here to that obtaining under actions brought pursuant to section 52 of the Vehicle and Traffic Law, which provides that the operation in this State of a motor vehicle owned by a nonresident shall be deemed equivalent to the appointment of the Secretary of State as the nonresident's attorney, upon whom a summons may be served for any occurrence connected with the motor vehicle in this State. Jurisdiction obtained under section 52 has been sustained. (*Kane* v. *New Jersey*, 242 U. S. 160; *Hess* v. *Pawolski*, 274 U. S. 352.) In *Pope* v. *Heckscher* (*supra*) the court said (p. 119): " It may be admitted that the authorities cited do not necessarily exclude the possibility of supporting a wider jurisdiction *in personam* upon consent implied from the fact of an act or event caused in the foreign state by a nonresident defendant. There is nothing in the trend of later authority to indicate the acceptance of such a basis to judicial action, except as it is justified by some element of police power." (See *Doherty & Co.* v. *Goodman*, 294 U. S. 623.)

Obviously the making of a contract does not involve any element of the exercise of police power. Nor do the provisions of section 229-b of the Civil Practice Act, which permit service on a person in charge of a business in which nonresident persons are engaged where the cause of action arises out of such business, help plaintiff here. Clearly jurisdiction in such cases depends on the doing of " business " in this State and makes the provisions of law similar to that of a corporation doing business in this State. (*Interchemical Corp.* v. *Mirabelli*, 269 App. Div. 224.) . That section can have no application to an isolated contract.

Since the English court lacked jurisdiction in personam over the defendant, the courts of this State will not recognize the judgment. (*Kerr* v. *Tagliavia*, 101 Misc. 614, affd. 186 App. Div. 893, appeal dismissed 229 N. Y. 542.)

Finally, the facts demonstrate that defendant did not submit to the jurisdiction of the British court. Plaintiff's motion for summary judgment is denied, and defendant's motion is granted. Settle order.