## BOIVIN v. TALCOTT.

### No. 25835.

United States District Court
N. D. Ohio, E. D.

Oct. 9, 1951.

James A. Butler, Cleveland, Ohio, for plaintiff.

Leslie R. Ulrich, William F. Aigler, Cleveland, Ohio, for defendant.

FREED, District Judge.

The question presented is whether a default judgment against a citizen of Painesville, Ohio, rendered by a court in the Province of Quebec, Canada, is enforceable in this Court by a citizen of Quebec when service of process was obtained by publication and mailing or delivering of a copy of the complaint to defendant at Painesville, Ohio. Notice by mail is not mandatory under the laws of Quebec but lies within the discretion of the court.

The original action presented to the Canadian forum was for personal injuries suffered by the plaintiff's five year old daughter who, allegedly, had been struck by defendant's automobile while it was being operated by defendant in Quebec.

The instant motion to dismiss is predicated on the proposition that the judgment of the Quebec court should not be recognized here because that court did not have jurisdiction of this defendant.

Service of process from the Quebec court was perfected in accordance with the Code of Civil Procedure of Quebec. The particular provisions which control the instant case are as follows:

Part III, Procedure in the Superior Court;

Article 94:

"In matters purely personal, other than those mentioned in Articles 96, 97, 98, 103, and 104, the defendant may always, notwithstanding any stipulation, agreement, or undertaking to the contrary, be summoned;

\* \* \* \* \* \*

"3. Before the court of the place where the whole cause of action has arisen, or if it concerns a suit for libel published in a newspaper, before the court of any district in which such paper is circulated, and in which the plaintiff resides;"

Article 136:

"When a defendant who is absent from the Province has no domicile, ordinary residence, or place of business therein; \* \* \*

"The judge, or prothonotary, upon a return to that effect, may order the defendant to appear within one month from the last publication, in the manner hereinafter prescribed, of the order thus rendered.

"A synopsis of the order, drawn up in accordance with the form contained in Schedule B in the Appendix to this Code, is twice inserted in French and in English, in a newspaper published in each language respectively, in the district where the court sits. If there is no such newspaper in the district, it is inserted in a similar newspaper in the nearest locality. Such newspaper is mentioned in the order."

Article 145: "The judge may, if circumstances require it, shorten or extend the delay mentioned in Articles 136 and 141, or order a mode of service other than that prescribed in those articles and in Articles 143 and 144."

Pursuant to the procedure outlined above, this defendant was summoned by publication in Quebec as provided in Article 136 above and by delivery of a copy of the necessary documents to defendant in Painesville, Ohio in accordance with an order of the Quebec court as authorized by Article 145. It should be noted that the recited provisions merely extend the right to the court *in its discretion,* to order that some formal notice in addition to the publication be conveyed to defendant.

Defendant maintains that the Quebec laws for extra-territorial service of process are insufficient to grant jurisdiction to the court in the absence of a provision for service upon a local agent for the non-resident motorist; and that these are merely typical civil law provisions, consonant with the traditional attitude of that system of law, which permit substituted service upon non-residents *in any case* to confer personal jurisdiction. Plaintiff counters that the modern authorities of Hess v. Pawlowski, 1927, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, International Shoe Co. v. State of Washington, office of Unemployment and Placement, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and Restatement Judgments § 23, hold that the operation of an automobile within a jurisdiction by a non-resident constitutes "submission" to the courts of that territory so that any method of substituted service, regardless of the agency fiction, will suffice.

Defendant stresses that even if we concede for the purpose of consideration of this motion the validity of plaintiff's doubtful contention, it remains that the method of substituted service adopted must be one which is reasonably calculated to give the defendant notice of the pendency of the action and an opportunity to be heard, within the doctrine announced in Wuchter v. Pizzutti, 1928, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446. There service had been perfected in compliance with a New Jersey statute providing for delivery of the summons to the Secretary of State, the non-resident motorist's statutory agent. The officer had in fact mailed a copy to the defendant who admittedly had actual notice of the lawsuit. However, this additional notice was not required by the statute.

In that case, the court commented 276 U.S. at page 24, 48 S.Ct. at page 262, as follows:

"These cases and others indicate a general trend of authority toward sustaining the validity of service of process, if the statutory provisions in themselves indicate that there is reasonable probability that if the statutes are complied with, the defendant will receive actual notice, and that is the principle that we think should apply here.

"But it is said that the defendant here had actual notice by service out of New Jersey in Pennsylvania. He did not, however, appear in the cause and such notice was not required by the statute. Not having been directed by the statute it can not, therefore, supply constitutional validity to the statute or to service under it." (Citations omitted.)

This pronouncement so completely approves the proposition urged by defendant that further discussion of plaintiff's contention that by operating his motor vehicle in the Province of Quebec the defendant submitted to the jurisdiction of its courts, seems superfluous.

■ No essential feature which will distinguish the instant case from the principle enunciated in the Wuchter decision can be found by the Court. Notice by publication, the sole mandate of the Quebec law, is clearly insufficient to convey adequate notice. McDonald v. Mabee, 1917, 243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608. Such notice is no more likely to come to the attention of a non-resident than the delivery of summons to the New Jersey Secretary of State. The discretion granted to the Quebec Court to vary the mode of service does not guarantee that the mode adopted will furnish adequate notice. "The right of a citizen to due process of law must rest upon a basis more substantial than favor or discretion." Roller v. Holly, 1900, 176 U.S. 398, 409, 20 S.Ct. 410, 414, 44 L.Ed. 520; Coe v. Armour Fertilizer Works, 1915, 237 U.S. 413, 425, 35 S.Ct. 625, 59 L.Ed. 1027. In substance the personal service on this defendant in Painesville is of no more effect than the mailing of notice by the Secretary of State in the Wuchter case.

■■ It obviously follows that the judgment which constitutes the sole foundation of the complaint in this cause, was rendered by a court of Canada without jurisdiction over the person of this defendant. Such judgment is not, therefore, entitled to recognition in this Court. Hilton v. Guyot, 1895, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95. "Moreover, due process requires that no other jurisdiction shall give effect, even as a matter of comity, to a judgment elsewhere acquired without due process." Griffin v. Griffin, 1946, 327 U.S. 220, 229, 66 S.Ct. 556, 560, 90 L.Ed. 635.

■ A judgment obtained in a Canadian court without jurisdiction as viewed under our laws assuredly can have no greater force or effect than if it had been obtained in our courts. Public policy and protection of the rights of our own citizens would so dictate. Hilton v. Guyot, supra; Bischoff v. Wethered, 1869, 9 Wall. 812, 76 U.S. 812, 19 L.Ed. 829; Pope v. Heckscher, 1934, 266 N.Y. 114, 194 N.E. 53, 97 A.L.R. 687; Grubel v. Nassauer, 1913, 210 N.Y. 149, 103 N.E. 1113, 52 L.R.A.,N.S., 161.

The motion to dismiss for failure to state a cause of action will be granted.