■ FREDERICK FELL, INC., Respondent, v. IRVING WALLACE, Appellant, et al., Defendants.— Order entered on August 9, 1960 denying defendant-appellant's motion to vacate service of a summons and complaint upon him unanimously reversed, on the law and on the facts, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs. Defendant Wallace was not personally served in New York, but service was effected pursuant to section 229-b of the Civil Practice Act by serving copies of the summons and complaint on one Paul R. Reynolds, as Wallace's agent and a person alleged to be in charge of Wallace's business in this State and by sending Wallace another copy by registered mail to his residence in Los Angeles, California. Section 229-b provides for service upon a natural person, not residing in this State, who shall engage in business in this State, in any action against such person arising out of such business, by serving a person in this State who, at the time of service, is in charge of any business in which the defendant is

engaged within the State. The minimum requirements for the application of section 229-b is that the nonresident shall engage in business in this State and that the action shall be one arising out of such business (see *Interchemical Corp.* v. *Mirabelli,* 269 App. Div. 224). Here the only contact defendant had with this State is the sale to plaintiff of the right to publish a single book, written by defendant, which sale was negotiated by literary agents in New York. The contract was executed by defendant in California and mailed by him to the State of New York. Under the circumstances, there was a lack of the minimal requirement of doing business in this State (cf. *Ross* v. *Ostrander,* 192 Misc. 140, 142), and jurisdiction could not be obtained by substituted service under section 229-b of the Civil Practice Act. Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.